STATE, RESPONDENT, *v.* PALEN, APPELLANT.

No. 8762

Submitted November 6, 1947. Decided November 13, 1947.

186 Pac. (2d) 223

435

Mr. C. T. Sanders, of Sidney, for appellant.

Mr. R. V. Bottomly, Atty. Gen., and Mr. Clarence Hanley, Asst. Atty. Gen., and Mr. E. W. Popham, County Atty., and Mr. Desmond J. O'Neil, both of Glendive, for respondent.

MR. JUSTICE ANGSTMAN delivered the opinion of the Court.

Defendant pleaded guilty to a charge of murder on September 10, 1946. Thereafter the court held a hearing to determine the degree of the crime and the punishment to be imposed. At the conclusion of the hearing the court found the crime to be murder in the first degree and sentenced the defendant to death by hanging. Defendant's motion to modify the judgment having been denied, he appealed to this court. This court remanded the case to the district court for the purpose of hearing further evidence on the issue of defendant's mental condition at the time of the homicide produced by alleged intoxication. That opinion is reported in State v. Palen, 119 Mont. 600, 178 Pac. (2d) 862.

Pursuant to the mandate of this court the district court heard further evidence. The additional evidence, briefly summarized, shows that defendant had been drinking heavily on the evening of July 2nd and the morning of July 3rd prior to the homicide which took place in the early morning of July 3rd. There is evidence that he started drinking in the afternoon of July 2nd by taking some drinks between six and seven

in the evening at the restaurant which was run by himself and his wife. Later he had some drinks at the Jordan Bar. He then went to another liquor establishment known as the Oasis where he had four or five more drinks of whiskey. He then returned to the Jordan Bar and stayed there until it closed at 1:00 a. m. on July 3rd. The testimony concerning the effect of the liquor upon the defendant was conflicting. Some of the evidence shows that his eyes were bloodshot, his tongue swollen, his speech incoherent and some witnesses classified him as being drunk. Others said they failed to note anything out of the way in his appearance, manner, talk or walk and that so fas as they could observe he was sober. The trial court at the conclusion of all of the evidence reached the conclusion that the sentence pronounced originally should not be changed or modified.

The defendant has again appealed to this court. Our province on the appeal is to determine whether the punishment imposed by the court was within the limits fixed by law. If it is, we are not at liberty to interfere with it. ''Whether we might on original consideration of the facts differ from the trial judge is therefore immaterial.'' People v. Gilbert, 22 Cal. (2d) 522, 140 Pac. (2d) 9, 13. In other words, if the degree of the offense as fixed finds support in the evidence and if the punishment is within the maximum limits fixed by law, then we cannot substitute our judgment for that of the trial judge. We are at liberty to interfere only in the event that there has been a clear abuse of discretion or a failure to follow the law.

A careful review of all of the evidence, both that originally presented and that considered after the second hearing, convinces us that the trial judge did not act in excess of the power vested in him in finding the degree of the offense to be that of first degree. That being so, it likewise follows that death by hanging rests entirely within the court's discretion since it is one of the penalties fixed by law for murder in the first degree.

The rule is stated in People v. Riley, 376 Ill. 364, 33 N. E.

(2d) 872, 876, 134 A. L. R. 1261, as follows: "In passing sentence upon a guilty criminal the trial judge is invested with complete judicial discretion within the limits of punishment fixed by law. If that discretion has not been abused and if the person at the bar has not been materially prejudiced by the procedure which the court adopts in conducting the inquiry required by the Criminal Code this court will not interfere with the judgment pronounced." See also, State v. Fowler, 59 Mont. 346, 196 Pac. 992, 197 Pac. 847.

As aptly stated in People v. Riley, supra, when defendant pleaded guilty he and his counsel "knew * * * that one man would be burdened in mind and conscience with deciding whether or not [the defendant] should be put to death, and that on plea of not guilty that responsibility would be divided by twelve."

Since there is evidence sustaining the trial court's conclusion ▆ that defendant was guilty of murder in the first degree and since first degree murder is punishable by death, this court is not at liberty to interfere with the trial court's determination but if defendant desires relief from the extreme penalty such relief may be had only upon application to the executive department of the government. State v. Fowler, supra.

The order appealed from is affirmed.

Mr. Chief Justice Adair and Associate Justices Choate, Gibson, and Metcalf concur.