THE STATE OF MONTANA, Plaintiff and Respondent, v. MERLE GALL, Defendant and Appellant.

No. 9926.

Submitted January 8, 1959. Decided March 17, 1959.

Rehearing Denied April 27, 1959.

337 Pac. (2d) 932.

John F. Bayuk, Conrad, John W. Bonner, Helena, John W. Bonner, argued orally for appellant.

Forrest H. Anderson, Atty. Gen., Thomas J. Hanrahan, Asst. Atty. Gen., Richard V. Bottomly, Co. Atty., Great Falls, Thomas J. Hanrahan, Asst. Atty. Gen., argued orally for respondent.

THE HONORABLE VICTOR H. FALL:

This is a companion case to State v. Board, Mont., 337 Pac. (2d) 924, and State v. Bean, Mont., 337 Pac. (2d) 930. The appellant herein, was charged by an information with the crime of first degree burglary. He was found guilty by a jury and sentenced to fifteen years imprisonment. The appeal is from the judgment.

The three defendants, Board, Bean and Gall, were jointly charged in an amended information. Separate trials were demanded and granted. The facts disclosed by the record herein are all essentially the same as in the Board and Bean cases and will not be repeated here. All specifications of error raised in this appeal were decided adversely to appellant in the companion cases, supra.

This appeal does differ from the others in one material respect. Identical informations were used in each of the three trials. Board and Bean were each charged with a prior conviction. Gall was not. A deputy county attorney made the opening statement for the State. It was not preserved in the record. However, it is clear that the information was not read to the jury at that time. At the close of the State's case the defendant moved for a directed verdict of acquittal on the ground, among others, "that the State at no times during its presentation of its case read the Information" and then moved to dismiss because, among other reasons "First, that at no time during the presentation of the State's evidence, or at any time during this case, has the State informed the jury as to what the case is all about, in that the Amended Information has not been read to the jury by the State, nor any portion thereof, or at all, and no reference has been made by reading the Amended Information, or the alleged offense at any time since this case was called for trial." After argument on these two motions the trial court denied each and permitted the State to re-open for the purpose of reading the Amended Information to the jury. Whereupon defense counsel objected in the following language:

"To which we object, and resist upon the grounds and for the reason that at this late date the reading of the Information, just before the defendant presents his case, will be wholly detrimental and prejudicial to him, and will make the case lopsided in that the State had an advantage, if any there be, in not reading the Information, while the defendant does not."

It may be observed parenthetically that the point attempted

to be made in the latter part of the foregoing objection somewhat escapes this court.

No error within the provision of Rule X, subd. 3, par. a, of this court was assigned and for this reason the point might well not be considered. However, it was presented in oral argument and we will undertake disposition of it here.

The first question posed is whether it is necessary for the county attorney to read the information during the presentation of the State's case in chief. The fact that it is usually read is no answer to the question. Chapter 72 of Title 94 of the Montana Code on Crimes and Criminal Procedure has to do with the conduct of criminal trials. The opening paragraph of section 94-7201, R.C.M. 1947, in its entirety, reads as follows:

"1. The county attorney must state the case and offer evidence in support of the prosecution."

Nothing could be more plain or all encompassing. The transcript of the proceeding discloses that after the selection of the jury "Mr. Gabriel made the State's opening statement to the jury." No objection was interposed at that time by the defense nor does the record indicate anywhere that it was inadequate.

There being no statutory requirement that the information be read, the failure to do so is not error.

We said in State v. Hall, 55 Mont. 182, 185, 175 Pac. 267, 268, that "Section 9271 [Rev. Codes 1907, now R.C.M. 1947, section 94-7201] does not undertake to do more than prescribe an orderly procedure for the trial of criminal cases, and section 9272 [Rev. Codes 1907, now R.C.M. 1947, section 94-7202] in effect declares that the provisions of the preceding section are directory merely, and this is the view of other courts upon similar statutes."

For similar holdings in other jurisdictions, see State v. Gilmore, 336 Mo. 784, 81 S.W. (2d) 431, 432, and State v. Ransom, 340 Mo. 165, 100 S.W. (2d) 294, 296.

Next appellant complains that when the information was finally read it disclosed that appellant's two compan-

ions; Board and Bean, who were jointly charged with him, were each charged with a prior conviction and that he was prejudiced thereby. When, as here, separate trials were granted it would have been better practice to have filed a separate information in each case. However, it was not error to fail to do so. If an instruction had been offered covering the point, the trial court would have doubtless given it. Also the matter was fully covered in the argument to the jury which was made a part of the record on appeal.

No case squarely in point on the precise question presented has been cited to the court and none has been found. There is a statement in Commonwealth v. Duca, 312 Pa. 101, 108; 165 A. 825, 828, which reads as follows: "It is claimed that this amounted to a breach on the part of the commonwealth of the rule against showing prior conviction of the defendant's accomplice," and would seem to have a bearing on the problem. However, an examination of the original record and briefs in that case fails to disclose anything of assistance to appellant herein. It may be noted that the only reason why the amended information was read in this case was due to the objections raised by the defendant. He will not be heard to complain under the circumstances present here. It has generally been held that an appellant may not predicate error upon the prosecuting attorney's actions where such was induced or provoked by the appellant's counsel. See 48 A.L.R. (2d) 1031.

The judgment is affirmed.

MR. JUSTICES ADAIR, ANGSTMAN and CASTLES, and THE HONORABLE W. W. LESSLEY, District Judge, concur.