STATE OF MONTANA, Plaintiff and Respondent, *v.* LEO
BEAN, Defendant and Appellant.

No. 9905.

Submitted January 8, 1959.   Decided March 17, 1959.

Rehearing Denied April 27, 1959.

337 Pac. (2d) 930.

John F. Bayuk, Conrad, John W. Bonner, Helena, for appellant. John W. Bonner, argued orally.

Forrest H. Anderson, Atty. Gen., Louis Forsell, Asst. Atty. Gen., R. V. Bottomly, County Atty., Great Falls, for respondent. Louis Forsell, Asst. Atty. Gen., argued orally.

THE HONORABLE W. W. LESSLEY, (District Judge):

Leo Bean was convicted of burglary in the first degree. He appeals from the judgment of conviction and from the order denying him a new trial.

The facts disclosed by this record are substantially the same as those in the case of State of Montana v. Board, Mont. 337 Pac. (2d) 924. They will not be restated here.

The appellant Bean's specifications of error in overruling demurrer to the amended information, in overruling motion for change of trial, and the county attorney's alleged withholding of evidence are all answered in the negative by our opinion in the Board case above referred to.

Appellant, in his alleged specifications numbered 6, 7, 8 and 9, contends that the verdict is not supported by sufficient evidence; that it is contrary to the law; that the court erred in not granting a new trial, and in sentencing the defendant.

Specifications numbered 6, 7, and 8, supra, are without merit.

In his specification number 9, appellant challenges the judge's ▉ comments as he pronounced sentence. These comments dealt with the question of the Parole Board. Appellant cites no law to buttress his claim of error, nor do we find any prejudice therein. ,

As to appellant's contention that the trial court misdirected the jury in matters of law, we find no merit and the same is fully covered in the Board case opinion, supra, as to Instruction No. 14.

The contention that State's Instruction No. 16 (given as ▉ court's Instruction No. 24) is erroneous is without foundation. It reads as follows:

"You are instructed that two classes of evidence are recog-

nized and admitted in courts of justice, upon either or both of which, if adequately convincing, juries may lawfully find an accused guilty of crime. One is direct evidence and the other is circumstantial. Direct evidence of the commission of a crime consists of the testimony of every witness who, with any of his own physical senses perceived any of the conduct constituting the crime, and which testimony relates what thus was perceived.

"All other evidence admitted in the trial is circumstantial, and insofar as it shows any acts, declarations, conditions, or other circumstances tending to prove a crime in question, or tending to connect the defendant with the commission of such crime, it may be considered by you in arriving at a verdict. The law makes no distinction between circumstantial evidence and direct evidence as to the degree of proof. Either will support a verdict of guilty if it carries the convincing quality required by law, as stated in these instructions."

Appellant claims it is of questionable meaning. Further, that the language "if it carries the convincing quality required by law" could have been eliminated by inserting "if circumstances are consistent with each other and inconsistent with every reasonable hypothesis, except that of guilt." First, appellant did not offer such an instruction. State v. Yegen, 74 Mont. 126, 238 Pac. 603. And more important such instruction as appellant suggests is applicable when the only evidence is circumstantial. Such was not the situation in the instant case. This was not error.

Appellant urges error on State's proposed Instruction No. 18 (given as Court's Instruction No. 18), which reads:

"The word 'enter' includes the entrance of the offender into such house, room, apartment, tenement, shop, warehouse, or the insertion therein of any part of his body, or of any instrument or weapon held in his hand, or used or intended to be used, to threaten or intimidate the inmates, or to detach or remove the property."

Appellant claims error because there is no evidence that he

entered the motel. The court must instruct the jury on all matters of law necessary for its information. State v. Jackson, 88 Mont. 420, 293 Pac. 309. Surely no one would deny that entry is an essential element of burglary. It is also clear that an accomplice need not make an entry, if entry is made by one of the participants. People v. McClure, 133 Cal. App. (2d) 631, 284 Pac. (2d) 887. To insist, as does the appellant, that the giving of this instruction eliminates any question as to defendant being an accomplice, and by implication states if Board "entered," then Bean is guilty, is clearly unfounded. Further, it ignores the instructions given by the court on accomplice.

Appellant objects to the giving of State's proposed Instruction No. 36 (given as Court's Instruction No. 5), which reads as follows:

"You are instructed that an accomplice is one who knowingly, voluntarily, and with common intent with the principal offender, unites in the commission of a crime, either by being present and joining in the criminal act, by aiding and abetting another in its commission, or, not being present, by advising and encouraging its commission, are principals in the crime thus committed and are equally guilty thereof."

Appellant's objection on appeal is there is not an iota of evidence to make him an accomplice. The record completely refutes appellant's contention.

We do not set out the other alleged errors. We find no error in any of them.

The judgment and order appealed from are affirmed.

MR. JUSTICES ANGSTMAN, ADAIR and CASTLES, and THE HONORABLE VICTOR H. FALL, District Judge, concur.