No. 10342. Petition of LEO BEAN.
Decided September 20, 1961.
365 P.2d 936.

PER CURIAM.

Original proceeding. Petition for a writ of habeas corpus, brought by Leo Bean, an inmate of the Montana State Prison, appearing *pro se.*

Petitioner states that he was convicted of forgery on January 31, 1929. That on three later occasions when he was before the

court charged with the commission of felonies, being in 1934, 1957 and 1958, this previous conviction of January 31, 1929, was in each instance set forth in the Information.

Petitioner does not question the right of the District Court to consider prior convictions when determining punishment but he contends that when a prior conviction is set forth in the Information it constitutes a second prosecution for a public offense for which he has once been prosecuted and convicted thus placing him twice in jeopardy, contrary to the provisions of Sec. 94-4807, R.C.M.1947. This section reads:

"No person can be subjected to a second prosecution for a public offense for which he has once been prosecuted and convicted or acquitted."

The petitioner is an obvious recidivist which is readily apparent from the petition itself. The only reason for the pleading of the prior conviction in any case is for the purpose of determining what the punishment should be if the defendant is found guilty of the crime charged.

It was mandatory upon the trial judge to follow the provisions of Section 94-4713, R.C.M.1947, which in part reads as follows:

"Every person who, having been convicted of any offense punishable by imprisonment in the state prison, commits any crime after such conviction, is punishable therefor as follows:

"1. If the offense of which such person is subsequently convicted is such that, upon a first conviction, an offender would be punishable by imprisonment in the state prison for any term exceeding five years, such person is punishable by imprisonment in the state prison not less than ten years. * * *"

The applicable principle governing such allegations of prior convictions is well stated in 25 Am.Jur. at page 263, as follows:

"The constitutional prohibition against putting a person twice in jeopardy of life, limb, or liberty for the same of-

fense is not violated in punishing an accused as a habitual criminal by enhancing the penalty for second or subsequent offenses. The enhanced punishment under such statutes is an incident of the subsequent offense only. There is no additional penalty for crimes already committed. The subsequent conviction is punished with greater severity by reason of the incorrigible and dangerous character demonstrated by the series of convictions. The identity of offenses, a necessary element of a valid plea of former jeopardy, is lacking.''

See also annotations appearing in 58 A.L.R. 23, 82 A.L.R. 348, 116 A.L.R. 212, 132 A.L.R. 93 and other annotations referred to therein.

It should also be noted here that the petitioner was before this court in State v. Bean, 135 Mont. 135, 337 P.2d 930.

Petitioner then was ably represented in the District Court and on appeal, and it is significant that the question of double jeopardy was not raised in either court in that case.

In a companion case, State v. Gall, 135 Mont. 131, 337 P.2d 932, the defendant Gall there raised an objection to his fellow-companions Boardman and this petitioner Bean, who were jointly charged with him and each of whom were charged with a prior conviction, contending that he, Gall, was prejudiced thereby. In that case the Court held that it was better practice to file a separate information but that had an instruction been offered covering the point the trial court could have no doubt given it. The matter was fully covered in the argument to the jury which was made a part of the record on appeal.

This Court therefore concludes that the application is totally devoid of merit, and the writ is denied and the proceeding dismissed.