No. 10215. JOHN J. TOMICH, PETITIONER, v. STATE OF MONTANA and Warden Floyd E. Powell, RESPONDENTS. Submitted September 21, 1961. Decided November 1, 1961.
366 P.2d 159.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an application pro se for writ of habeas corpus of one John J. Tomich, an inmate of the Montana State Prison, together with a petition for a writ subpoena duces tecum, which writ would require the Clerk of the District Court of Cascade County to furnish a transcript including a bill of exceptions on appeal. Previously in June, 1961, and again in September, 1961, this Court has refused to entertain petitions for writs by the same applicant.

A statement of facts included with the application and file of correspondence between the inmate and the Court reveals the following:

The inmate was charged in Cascade County on January 18, 1960, with the crime of burglary in the first degree, together with prior convictions (how many is not revealed). The inmate plead not guilty, was represented by an experienced attorney of his own selection, was tried before a jury, convicted, and sentenced to a term of twenty years.

The sentence was pronounced on January 26, 1960. Counsel for defendant asked and was granted sixty additional days to get out a bill of exceptions. Nothing was done. No notice of appeal was filed prior to July 26, 1960, or ever, for that matter. Under R.C.M.1947, sections 94-8101 to 94-8215, any right of appeal was lost. It appears, too, that the inmate petitioned the District Court of Cascade County for a writ of habeas corpus and production of a transcript containing a bill of exceptions which was denied. Therefore, we deny the motion for a writ requiring a transcript to be prepared.

The contentions made in the application for a writ of habeas corpus seem to be these:

(1) That some evidence was admitted during the trial that was obtained by illegal search.

(2) That the evidence was circumstantial and not sufficient to prove guilt beyond a reasonable doubt.

(3) That the charging and proof of prior convictions results in double jeopardy.

As to the first two matters, of course we cannot examine since we have no bill of exceptions nor any appeal at all. However, the petitioner seems to lay emphasis in his statement of fact that he did not take the stand in his own behalf *on advice of his counsel,* seemingly to suggest that if he had taken the stand he would have been able to show that some evidence admitted had been illegally obtained or that he had an alibi. We, of course, indulge in the presumption that the trial court was correct in its rulings; and, knowing that counsel for the inmate was and is an experienced trial lawyer, will not speculate on the reasons for the tactics of the trial itself. The jury's verdict and the trial court's judgment thereon refute any charge now made that there was a lack of evidence sufficient to prove the charge beyond a reasonable doubt.

As to the third matter, recently in Cause No. 10342, In re Petition of Bean, 139 Mont. 625, 365 P.2d 936, this Court again rejected the argument as to double jeopardy because of the charge and proof of prior convictions.

Finding no cause for either a writ for a subpoena duces tecum nor a writ of habeas corpus the application is denied.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES ADAIR, DOYLE and JOHN C. HARRISON concur.