JOHN J. TOMICH, Petitioner, v. The STATE OF MONTANA and EDWARD ELLSWORTH, Warden of the Montana State Prison, Respondents.

No. 10549

Submitted January 14, 1963. Decided January 18, 1963.

377 P.2d 756.

PER CURIAM.

This is an application pro se by one John J. Tomich, an inmate of the Montana State Prison. In November 1961, in Cause No. 10215, Tomich v. State of Montana, 139 Mont. 632, 366 P.2d 159, this court considered the same matters. As in-

dicated in that opinion, the same applicant had petitioned this court in January 1961, June 1961, and again in September 1961.

This petition is a handwritten application consisting of twenty pages. In it is recited that the petitioner had, on December 14, 1962, filed a petition for a writ of error coram nobis, and what is termed a writ for a subpoena duces tecum in the district court of Cascade County. Then it is recited that Judge Nelson denied the application.

Then the application seeks from this court what is called a writ of subpoena duces tecum, which would require the district court clerk of Cascade County to furnish a transcript of trial proceedings in the original jury trial referred to in Tomich v. State, supra.

Then, the application seeks what is called an application for appeal from the order of the district court denying the petition for writ of error coram nobis referred to above as having been denied in December 1962.

The matter of appeal from the judgment of conviction entered in Cascade County on January 26, 1960, was discussed in our previous opinion and need not be repeated in detail here. In the previous opinion there were three contentions:

(1) That some evidence had been obtained by illegal search;

(2) That the evidence was circumstantial and not proven beyond a reasonable doubt; and

(3) That charging and proof of prior conviction resulted in double jeopardy.

Now, if we understand the petition correctly, the petitioner asserts (1) that the proof of prior convictions was insufficient, and (2) that the State failed to prove first degree burglary in that it failed to prove that the crime was committed between the period of sunset and sunrise. Petitioner insists that the proof was of second degree burglary rather than first degree burglary.

As to both matters, we shall repeat what we said previously:

"As to the first two matters, of course we cannot examine since we have no bill of exceptions nor any appeal at all. However, the petitioner seems to lay emphasis in his statement of fact that he did not take the stand in his own behalf *on advice of his counsel,* seemingly to suggest that if he had taken the stand he would have been able to show that some evidence admitted had been illegally obtained or that he had an alibi. We, of course, indulge in the presumption that the trial court was correct in its rulings; and, knowing that counsel for the inmate was and is an experienced trial lawyer, will not speculate on the reasons for the tactics of the trial itself. The jury's verdict and the trial court's judgment thereon refute any charge now made that there was a lack of evidence sufficient to prove the charge beyond a reasonable doubt."

Finding no cause for either a writ for subpoena duces tecum or an appeal as allowed by statute, the application is denied.