STATE OF MONTANA, Plaintiff and Respondent, v. ALEX LaFONTAINE, Defendant and Appellant.

No. 12018.
Decided July 22, 1971.
487 P.2d 301.

Charles Petaja, argued, Helena, for appellant.

Robert L. Woodahl, Atty. Gen., Helena, David Gliko, Asst. Atty. Gen., argued, Helena, Thomas F. Dowling, Co. Atty., Helena, Leif B. Erickson appeared, Deputy Co. Atty., Helena, for respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an appeal from a conviction of the crime of forgery in the District Court of Lewis and Clark County. Defendant

was sentenced to a term of twelve years in Montana state prison to run consecutively with time to be served for prior offenses. Defendant was at the time on parole from a fifteen year sentence for burglary.

From the record it appears that at about 5 p.m. on September 19, 1970, a wallet belonging to Boyd A. Andrew was stolen in Lewis and Clark County, Helena, Montana. The wallet contained an undetermined amount of cash and a number of checks payable to Boyd A. Andrew. Later Richard Pepperling was arrested charged, plead guilty and was sentenced for the wrongful taking of Mr. Andrew's wallet and contents.

After stealing Andrew's wallet, Pepperling went to a couple of bars in Helena and commenced to drink. After an hour or so, Pepperling and another individual went to a residence rented and occupied by Mike Norris. Defendant, Alex LaFontain, resided in the apartment immediately below the residence of Mike Norris. When Pepperling arrived at Mike Norris' house, Mr. and Mrs. Norris and the defendant, Alex LaFontaine, were all watching television and drinking beer and vodka.

After Pepperling's arrival, they all continued to drink vodka and orange juice, and beer for approximately two hours. During this time several people came in and out of the Norris residence.

After approximately two hours, Richard Pepperling, Mike Norris, and defendant left the Norris residence and went to downtown Helena and commenced to "bar hop." The trio went into several bars and had several drinks. Richard Pepperling was paying for the liquor these men were drinking with the money obtained from the wallet which he had stolen from Boyd A. Andrew. At approximately 11 p.m. the three arrived at the Capri Bar & Lounge, located in Helena. The Capri is managed by Walter S. Sanders, the state's chief witness against defendant.

When they arrived at the Capri most of the stolen money from Boyd Andrew's wallet had been spent. Defendant personally knew Mr. Sanders, the bar manager, and had known him for quite some time. Richard Pepperling handed defendant a

check and asked defendant to buy another round of drinks and to cash the check.

Defendant approached a waitress, Darlene Mills, and asked her to cash the check. Darlene Mills recalled the check was too large to cash, since it was for approximately $160. Defendant insisted on getting the check cashed, so she referred him to Walter Sanders, who also said it was too large an amount to cash. At this point, according to Sanders, defendant got a pencil from a bartender and wrote in a scribbling manner on the back of the check. Sanders looked at the scribbling and asked defendant when he had changed his name, and then ordered defendant out, without cashing the check.

Thereafter, Pepperling, Norris and defendant left the Capri and walked to the Imperial 400 Motel. Defendant attempted to cash the check for Pepperling at the Imperial 400 Motel and was again refused because the check was too large. After that refusal defendant returned the check to Pepperling stating the check was too large to be cashed. A few minutes later Pepperling and defendant were arrested for drunkenness and suspicion of grand larceny.

Appellant specifies error in the following particulars: that the evidence is insufficient to support the conviction; that appellant was entitled to a directed verdict of not guilty; that the verdict was based upon conjecture, guess and suspicion; that the court's oral comments to the jury substantially prejudiced appellant; failure to grant a new trial; the court's refusal to give an offered instruction; and, that the punishment was excessive.

As to the contention that the evidence was not sufficient to support a conviction of the crime charged, forgery of endorsement, it is argued the record contains no evidence that appellant knew the check was a forgery when he received, endorsed and attempted to cash it. This argument is without merit.

The check in question has been examined by the Court. It has only one endorsement.

The testimony of Sanders that the appellant scribbled an endorsement on the check is unequivocal and unrebutted. Thus, the check when given to appellant by Pepperling was not a forgery and did not become a check with a forged endorsement until appellant endorsed the check. The first name of the endorsement is Boyd—the rest is illegible.

The clincher against appellant came when Mr. Sanders, who admittedly knew appellant, upon receiving the check again from appellant after he had endorsed it, asked the appellant when he had changed his name.

Appellant further relies on State v. Phillips, 147 Mont. 334, 412 P.2d 205, wherein the conviction was reversed because there was no evidence that Phillips knew the check he had received from a third party had been forged by the third party. Such is not the situation here and the case is clearly distinguishable.

As to the second and third contentions, the record establishes that the state proved its case. Appellant's specifications that the court erred in not granting him a directed verdict of not guilty and the finding of the jury was based upon conjecture, guess, speculation and suspicion, and was contrary to the evidence, have no merit.

Appellant assigned error to the court's comments to the jury when the jury returned to the court seeking and being refused additional information. The jury desired the testimony of Sanders reread but counsel for appellant objected to such rereading because he felt it would be prejudicial and would unduly stress the state's case. This objection was sustained. Appellant's counsel stated they would not object to rereading all the testimony in the case but this was denied by the court. Granting such a request is within the discretion of the court. State v. Armstrong, 149 Mont. 470, 428 P.2d 611. We find no abuse of that discretion in the case before us.

There being no prejudice shown by reason of the court's refusal to require the reading of the entire testimony and this being the ground of the motion for a new trial, the court was not in error in denying that motion.

494

Appellant's last two assignments of error rest on the refusal of a requested jury instruction and the severity of the sentence itself.

Appellant claims an instruction on the word ''wilfully'' should have been given the jury. The court is required to instruct the jury on all necessary matters of law (State v. Bean, 135 Mont. 135, 337 P.2d 930), but this does not include unnecessary matters such as the requested instruction.

Appellant was sentenced to twelve years in the state prison to run consecutively with any time to be served for prior offenses.

The statute provides a maximum penalty of fourteen years; the sentence being within the limits fixed by law we do not interfere with it. See State v. Palen, 120 Mont. 434, 186 P.2d 223.

The judgment is affirmed.

MR. JUSTICES HASWELL, JOHN C. HARRISON, CASTLES, and DALY, concur.