No.  90-295

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

STATE OF MONTANA,

    Plaintiff and Defendant,

    v.

GARY LEROY ULSTAD,

    Defendant and Appellant.



APPEAL FROM:  District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable William J. Speare, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

          Arthur J. Thompson, Thompson & Sessions, Billings,
Montana

       For Respondent:

          Marc Racicot, Attorney General, Kathy Seeley,
Assistant Attorney General, Lawrence G. Allen, Legal
Intern, Helena, Montana; Harold L. Hanser,
Yellowstone County Attorney, Charles Bradley,
Deputy, Billings, Montana

Submitted on briefs:  September 27, 1990

Decided:  December 18, 1990

Filed:

_____
Clerk

Justice William E. Hunt, Sr., delivered the Opinion of the Court.

On October 30, 1989, the appellant Gary Ulstad was tried and convicted in the Thirteenth Judicial District, Yellowstone County, of one count of criminal possession of dangerous drugs, a felony. He appeals from that conviction. We affirm.

The sole issue raised on appeal is whether the District Court erred by refusing to permit the jury to rehear portions of the trial testimony.

On December 31, 1988, appellant Gary Ulstad and a companion were detained by members of Yellowstone County law enforcement. Ulstad consented to a search of his car and motel room. Police testified that while they were searching his car, Ulstad mentioned some money in the glove compartment about which he was concerned. When the police opened the compartment, they retrieved 1.3 grams of cocaine from a plastic bag, an empty bindle, and two syringes. Ulstad later admitted to having used drugs earlier in the day, but denied any knowledge of the substance found in his car. His fingerprints were not on the package containing drugs. At trial, Ulstad attempted to raise a reasonable doubt about whether he was "in possession" of the cocaine by insinuating that his companion had placed it in the glove compartment of his car without his knowledge. In support of his argument, Ulstad pointed to the unreasonableness of a confessed drug user consenting to a search of an area where he knew drugs would be, and the unreasonableness

2

of a drug possessor pointing out the specific area of the car in which the drugs were located. Conflicting testimony was presented by the deputies as to whether or not the glove compartment had been locked prior to the search.

Shortly after the jury retired to deliberate, the bailiff delivered a message to the court from the jury. The note read, "First deputy mentioned locked glove box, second Deputy said it was not. Could you verify the question." Defense counsel requested that the testimony of the second deputy be read back to the jury. The court refused. It was unclear exactly which information the jury wanted, and the court would not let counsel decide that by choosing which testimony to read back. The court stated that the jury had heard all the evidence and would have to resolve it. On appeal, Ulstad maintains that the court did not exercise its discretion by failing to determine the exact nature of the jury's difficulty, to isolate the precise testimony which could solve it, and to weigh the probative value of the testimony against the danger of undue emphasis.

This issue is controlled by § 46-16-503(2), MCA, which states:

> After the jury has retired for deliberation, if there is any disagreement among the jurors as to the testimony or if the jurors desire to be informed on any point of law arising in the cause, they must require the officer to conduct them into court. When the jurors are brought into court, the information requested may be given in the discretion of the court. If such information is given, it must be given in the presence of the county attorney and the defendant and his counsel. (Emphasis added.)

The trial court is authorized to exercise its discretion in providing the jury with trial testimony. Unless prejudice is shown

by reason of the court's refusal to require reading of testimony, no abuse will be found. State v. LaFontaine, 157 Mont. 490, 487 P.2d 301 (1971). The appellant protests that the court should have probed more deeply for a precise statement of the jury's question. However, the court's action was correct. The question was unclear and the court properly decided not to interpret the testimony of the witnesses for the jury, or to allow defense counsel to choose which testimony to have read back to the jury verbatim. This decision did not prejudice the appellant. There was no abuse of discretion.

Affirmed.

_William E Hunter_
Justice

We Concur:

_J. A. Turnage_
Chief Justice

_John C. Sheehy_

_R. C. McDonough_

_Diane G. Barz_
Justices