**STATE OF FLORIDA v. GENE NELSON alias EUGENE NELSON.**

36 So. (2nd) 427                                    June Term, 1948
July 30, 1948                                            En Banc

J. Tom Watson, Attorney General, and Reeves Bowen, Assistant Attorney General, for appellant.

Lloyd Bass, for appellee.

BARNS, J.:

The appellee procured his release on July 14, 1947, because of the impropriety of the sentence under which he was then held, and the State thereupon, on August 27, 1947, instituted

proceedings by information to have a proper sentence imposed.

This is an appeal by the State from an order granting defendant's-appellee's motion to quash an information charging appellee with being a second offender after the appellee had served the sentence imposed upon conviction of the second offense, which sentence was without consideration of the provisions of law as to second offenders.

The controlling and determining factors involved in this appeal are as follows:

On January 29, 1937, the appellee, Gene Nelson, was adjudged guilty of a felony (breaking and entering a building with intent to commit a misdemeanor) and sentenced by the Criminal Court of Record of Duval County to serve a term of imprisonment; that

Thereafter, on October 30, 1939, the said Gene Nelson was adjudged guilty of another felony (committed on October 16, 1939) and was sentenced by the same court to serve a term of five years in the State prison; that

Thereafter, on November 2, 1939, Gene Nelson was sentenced as a fourth offender, as provided for by Section 775.10, Florida Statutes 1941, F.S.A., which sentence was voided as unwarranted by judgment dated July 14, 1947, in habeas corpus proceedings; that

On August 27, 1947, the appellee, Gene Nelson, was proceeded against by an information filed in the Criminal Court of Record of Duval County, alleging the foregoing facts, and the said Gene Nelson was subject to the punishment as provided by law, as follows:

775.09—Punishment for second conviction of felony.

"A person who, after having been convicted within this state of a felony or an attempt to commit a felony, or under the laws of any other state, government or country, of a crime which, if committed within this state would be a felony, commits any felony within this state is punishable upon conviction of such second offense as follows: If the subsequent felony is such that upon a first conviction the offender would

be punishable by imprisonment for any term less than his natural life then such person must be sentenced to imprisonment for a term no less than the longest term nor more than twice the longest term prescribed upon a first conviction."— Section 775.09 F.S., 1941 F.S.A.

The information charging that Gene Nelson was subject to punishment as a "second offender" was filed on August 27, 1947, at a time after Nelson had served all lawful sentences imposed against him.

On motion, the judge of the Criminal Court of Record, on December 4, 1947, quashed the information charging that Nelson was subject to punishment as a second offender, and the State thereupon appealed said order.

This Court, in reference to the law as is now known as Sections 775.09-775.11, F.S. 1941, F.S.A., has stated:

*"The statute does not make it an offense or crime for one to have been convicted more than once. The law simply prescribes a longer sentence for a second or subsequent offense* for the reason that the prior convictions taken in accordance with the subsequent offense demonstrates the incorrigible and dangerous character of accused thereby establishing the necessity for enhanced restraint. Bishop, Crim. Law (9th Ed.) Sec. 993a. The imposition of such enhanced punishment is not a prosecution of or punishment for the former conviction. The Constitution forbids such action. *The enhanced punishment is an incident to the last offense alone.* But for that offense it would not be imposed. . . . "—Cross v. State, 96 Fla. 768, 119 So. 380.

This holding appears to comport with the general law on the subject, for in American Jurisprudence it is stated:

"The charge of being a second or subsequent offender does not involve accusation of a crime other than, or separate from, the offense principally charged. *The statutes do not create a separate offense.* The increased penalty for a second or subsequent conviction is intended to be held up as a warning to first offenders and to act as a deterrent to their criminal tendencies." (Emphasis supplied).—25 Am Jur. 260—"Habitual Criminals"—Sec. 1.

We also quote from 25 American Jurisprudence 263, "Habitual Criminals," Section 6:

"The enhanced punishment under such statutes is an incident of the subsequent offense only."

The following quotation from 24 Corpus Juris Secundum 1143, "Criminal Law," Section 1958 (a part of Chapter 19, entitled "Successive Offenses and Habitual Criminals") is also in point, to-wit:

"However, *statutes authorizing a more severe penalty to be inflicted on one who is a persistent offender do not create an offense,* nor inflict additional punishment for the prior offense, nor do they authorize a conviction on a charge of being an habitual criminal; *they merely prescribe punishment for the subsequent offense which is to be more severe,* because the offender's persistence in the perpetration of crime evinces a depravity which merits greater punishment.".

The Attorney General submits that the governing statute, Section 775.11, specifically provides for the filing of the information charging the two convictions *"AT ANY TIME after sentence or conviction* for the second felony. We quote from Section 775.11, as follows:

*"If AT ANY TIME after sentence or conviction* it appear that a person convicted of a felony has previously been convicted of crimes as set forth either in Section 775.09 or Section 775.10 the prosecuting attorney of the county in which such conviction was had, shall file an information accusing said person of such previous convictions . . . " (Capitalization and underscoring ours).

Stated generally, the power of the Court to modify sentences is as follows:

"Power of court.—It seems to have been recognized as one of the earliest doctrines of the common law that the record of a court may be changed or amended at any time during the same term of the court in which a judgment is rendered. That this power has been often exercised by the Courts in England is manifest from cases in which it appears that judgments and sentences, during the same term in which they have been entered, have been vacated and others substituted without doubt

or question. This rule of the common law is substantially in force at the present time in this country, so that during the same term of court at which a sentence is imposed and before the defendant has begun serving such sentence, the trial judge may modify it either in form or substance."—15 Am. Jur. 128 —"Criminal Law"—Sec. 473.

"It seems to be well established that a trial court is without power to set aside a sentence after the defendant has been committed thereunder and impose a new or different sentence increasing the punishment, even at the same term at which the original sentence was imposed. A judgment which attempts to do so is void, and the original judgment remains in force."—15 Am. Jur. 130—"Criminal Law"—Sec. 474.

Doubtless the purpose of the use of the language "at any time," etc., was to overcome the limitations of the general law on the court as to term time and the limitation imposed in the event that execution of the sentence has commenced and the trial court had otherwise lost jurisdiction.

The appellee, instead of commencing proceedings in the trial court because of an improper sentence against him as an alleged fourth offender, instituted habeas corpus proceedings in the jurisdiction of his confinement and an appropriate judgment in the habeas corpus case would have been that petitioner be remanded to the trial court for the entry of a proper sentence. However, promptly upon the entry of the judgment on habeas corpus, proceedings were had in the trial court which imposed the original sentence for the entry of a sentence against the appellee as a second offender; resulting in the judgment now on review by appeal.

Whether or not in this jurisdiction there is any limitation of time on the Court's power to impose a sentence as provided by Section 775.09, supra, it is our conclusion that under the facts and circumstances it has not expired in this instance. It does appear, however, that whatever sentence is to be imposed should be nunc pro tunc, as of and for the date of October 30, 1939, and that the appellee-defendant should have credit for time served since then, as an execution thereof.

The trial court erred in granting appellee's motion to quash.

The order appealed is:

Reversed.

THOMAS, C. J., TERRELL, CHAPMAN and HOBSON, JJ., concur.

SEBRING, J., concurs specially.

ADAMS, J., dissents.

SEBRING, concurring specially:

I concur in the judgment of reversal. It is my view, however, that under section 775.09 and 775.11, Florida Statutes, 1941, F.S.A., a person may be proceeded against as a second offender without regard to whether he has or has not served the sentence imposed under the judgment of conviction for the second offense upon which the charge as a second offender under the statute is predicated.

THOMAS, C. J., concurs.