PARKS, Circuit Judge.
This appeal is grounded upon the refusal of the Judge of the Criminal Court of Record of Hillsborough County to grant defendant’s motion to quash the amended information filed in that county on October 19, 1956, charging him as a second offender under the provisions of Sections 775.09 and 775.11, Florida Statutes 1955, F.S.A., commonly known as the habitual offender law. The information charged that he was convicted of the crime of robbery committed July 19, 1938, in the State of New York and County of New York and thereafter, on October 25th following, was sentenced to serve a term of five to ten years in the State prison of New York, which crime would have been a felony if committed in Florida. It further charged that on October 25, 1952, he committed the crime of breaking and entering a dwelling and of grand larceny, a felony, in Hillsborough County, and on December 10th following, was convicted and sentenced to a period of five years in State prison. On November 5, 1956, he was convicted and sentenced as second-offender for a period of twenty years in the State prison, less credit for service made under the five year sentence imposed December 10, 1952. He appeals to this Court for a review of that judgment.
Appellant’s brief, in effect, poses two questions to be determined by this Court on the appeal:
(1) Did the Court err in denying defendant’s motion to quash the amended information charging him with being a second offender and in sentencing him after he had served the sentence for the second offense ? and
(2) Was the State barred by Chapter 932.05, Florida Statutes 1955, F.S.A., from prosecuting and sentencing him under the second-offender statutes, more than two years after the last conviction of felony?
*596 The first of the- above questions as posed is not before the Court because there is no showing that appellant had actually served his entire sentence for the second offense before the amended information was filed charging him with being a second offender. On this question there is a difference of opinion among the members of the Court but, as it is not ripe for determination under the record here, no useful purpose could be served by discussing it.
The general statute of limitations, Section 932.05, Florida Statutes 1955, F.S.A., barring prosecution for an offense two years after its commission has no application to charges under Sections 775.09 and 775.10. The prosecution of a person as a habitual offender under these statutes is not a prosecution for an “offense” within the meaning of Section 932.05 of the Statute. It is no more than the imposition of an enhanced penalty for the last offense and is imposed under Section 775.11. Cross v. State, 119 So. 380, 96 Fla. 768; State v. Nelson, 160 Fla. 744, 36 So.2d 427.
Finding no error, the judgment is affirmed.
TERRELL, C. J., and THOMAS, ROBERTS and DREW, TL, concur.