PER CURIAM.
Suggestion for writ of prohibition was filed in this court for an order commanding the criminal court of record of Palm Beach County, Florida, and the respondent judges to show cause why said court and judges should not be prohibited from assuming or exercising any jurisdiction in that certain cause pending in the said criminal court of .record entitled the State of Florida v. Allison D. Jones, defendant, case number 5022-B. The respondents timely filed their return, and the cause was duly argued and; submitted to this court.
Factually, it appears that on April 23,. 1959, the relator, Allison D. Jones, was informed against in the said criminal court of record on the charge of larceny of an automobile; that on June 29, 1959, the information thus filed was nolle prossed by the county solicitor; that on July 20, 1959, the-respondent judge, the Honorable E. G. Newell, entered an order vacating the nolle prosequi; that on October 21, 1959, a motion to quash the reinstated information was filed and denied.
The relator asserts that the information is now a nullity and that therefore the court *753 is without jurisdiction or authority to proceed on the purported reinstated information. It is agreed that the nolle prosequi was entered during the same term in which the information was filed but that vacation of the nolle prosequi was in the subsequent term. The respondents urge that, even though the accusatory pleading was nolle prossed in the subsequent term, it may be reinstated where consent of the defendant is given. They contend that the reinstatement of a surety bond, furnished by the defendant but previously estreated, constituted a consent to vacation of the nolle prosequi and reinstatement of the information. The bond had been estreated at the time the information was nolle prossed. In the subsequent term the estreature had been vacated two days after the court had vacated the nolle prosequi. Because of the bond .reinstatement the respondents contend that the defendant benefited and should be precluded from asserting that the information was a nullity.
In 14 Am.Jur., Criminal Law, section 295, pp. 966-967, the rule according to the weight of authority is set forth that if the prosecuting attorney unconditionally enters a nolle prosequi of the indictment or information, the proceeding is terminated; and the same indictment or information cannot be reinstated at a subsequent term of court and prosecution thereon resumed. See also Annotation 112 A.L.R. 386. As stated, the vacation of the nolle prosequi was in a subsequent term. We hold that the order vacating and setting aside the bond estreature and reinstating the bond, although of benefit to the defendant, did not constitute a consent by the defendant to vacation of the nolle prosequi and reinstatement of the information. In so holding we are not indicating whether consent can be validly given so as to effectuate .reinstatement of an information in a term subsequent to that of its nolle prosequi. Also, this holding has no bearing on the filing of a new information.
It is, thereupon, considered and ordered that the criminal court of record of Palm Beach County, Florida, and the Honorable E. G. Newell and the Honorable Hugh MacMillan, as judges of said court, be and they are hereby prohibited from assuming or exercising any jurisdiction in said cause.
It is so ordered.
ALLEN, C. J., and KANNER and .SHANNON, JJ., concur.