138 So.2d 500 (1962)
Stephen Franklin REYNOLDS, Petitioner,
v.
H.G. COCHRAN, Jr., Director of Division of Corrections, State of Florida, Respondent.
No. 29838.
Supreme Court of Florida.
February 21, 1962.
Rehearing Denied March 28, 1962.
*501 Claude Pepper and Claude Pepper Law Offices, Tallahassee, for petitioner.
Richard W. Ervin, Atty. Gen., and George R. Georgieff, Asst. Atty. Gen., for respondent.
ROBERTS, Chief Justice.
Pursuant to a mandate from the Supreme Court of the United States we issued a writ of habeas corpus, required a return and on the basis of the same referred the cause to a commissioner of this court for a hearing upon the factual issues. See Reynolds v. Cochran, 365 U.S. 525, 81 S.Ct. 723, 5 L.Ed.2d 754. Pending final decision the petitioner was released on bail.
Our commissioner has finished his assignment and we now have before us his findings and recommendations based upon the testimony of all the parties involved, including the petitioner.
The record discloses that on May 10, 1956, petitioner was convicted of the crime of grand larceny and sentenced to serve two years in prison. On December 1, 1957, with credit for gain time, the petitioner was discharged from custody, his sentence being considered completed. Some two months after his discharge, petitioner was arrested and informed against as a second offender. Said information referred to two previous convictions of the petitioner, one being the 1956 grand larceny conviction, and the other a 1934 conviction of the crime of robbery.
As a result of the aforesaid information and the proceedings before the Criminal Court of Record of Polk County, on February 20, 1958, petitioner was found guilty of the offense of "Second Offender," and was sentenced to confinement in the State Prison of Florida at hard labor for a term of ten years.
On August 25, 1958, the petitioner was again brought before the Criminal Court of Record of Polk County, which entered an order purporting to set aside and cancel the judgment of February 20, 1958. In the latter judgment the petitioner was sentenced to ten years' confinement with credit to be given for all time served pursuant to the grand larceny sentence of May 10, 1956, and the sentence of February 20, 1958.
In his petition for writ of habeas corpus directed to this court and his petition for writ of certiorari before the Supreme Court of the United States, the petitioner, among other things, contends that he was denied the right to counsel and that the Criminal Court of Record at the hearing held on February 20, 1958, refused his oral motion for a continuance and thus denied him the assistance of the attorney he had retained in the proceeding against him. However, our commissioner has found, as a matter of fact, that the alleged remarks by the trial court, referring to the petitioner's lack of need of counsel, were never made. The testimony of the petitioner himself supports this finding. Further, the commissioner found that the petitioner never requested a continuance in order that his counsel *502 might arrive and that, in fact, testimony of the attorney in question discloses that the alleged employment never took place. Finally, the commissioner found that the Criminal Court of Record did not comply with all of the procedural requirements of F.S. § 775.11, F.S.A., of our Habitual Offenders law.
From the view we take of the issues presently before us, it is unnecessary to detail the trial court's deviations from the requirements of F.S. § 775.11, F.S.A. However, we remind those concerned with the administration of the Habitual Offenders statutes that the provisions of the same must be strictly complied with because of the highly penal nature of said laws
The statutes herein involved are §§ 775.09 and 775.11, Florida Statutes, F.S.A. They read as follows:
"775.09 Punishment for second conviction of felony.  A person who, after having been convicted within this state of a felony or an attempt to commit a felony, or under the laws of any other state, government or country, of a crime which, if committed within this state would be a felony, commits any felony within this state is punishable upon conviction of such second offense as follows: If the subsequent felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life then such person must be sentenced to imprisonment for a term no less than the longest term nor more than twice the longest term prescribed upon a first conviction. If the subsequent felony is such that upon a first conviction the offender would be punishable by imprisonment for life or for a term of years, in the alternative, then such person must be sentenced to imprisonment for life or for any number of years not less than twenty years.
* * * * * *
"775.11 Procedure in prosecutions for second and subsequent offenses.  If at any time after sentence or conviction it shall appear that a person convicted of a felony has previously been convicted of crimes as set forth either in § 775.09 or § 775.10 the prosecuting attorney of the county in which such conviction was had, shall file an information accusing said person of such previous convictions, whereupon the court in which such conviction was had shall cause said person, whether confined in prison or otherwise, to be brought before it and shall inform him of the allegations contained in such information and of his right to be tried as to the truth thereof, according to law, and shall require such offender to say whether he is the same person as charged in such information or not.
"If he says he is not the same person or refuses to answer or remains silent, his plea, or the fact of his silence, shall be entered of record and a jury shall be empaneled to inquire whether the offender is the same person mentioned in the several records as set forth in such information. If the jury finds that he is the same person or if he acknowledges or confesses in open court after being duly cautioned as to his rights that he is the same person the court shall sentence him to the punishment prescribed in § 775.09 or § 775.10 as the case may be, and shall vacate the previous sentence, deducting from the new sentence all time actually served on the sentence so vacated.
"Whenever it shall become known to any warden or prison, probation, parole or police officer or other peace officer, that any person charged with or convicted of a felony has been previously convicted within the meaning of § 775.09 or § 775.10 he shall forthwith report the facts to the prosecuting attorney of the county."
The above statutes are designed to protect society from the continuing activities of habitual offenders. Such statutes are *503 neither new to Florida nor to modern jurisprudence. Recidivist legislation identical to F.S. § 775.09 and § 775.11, F.S.A., has repeatedly withstood attacks that it violates constitutional rights against ex post facto laws, constitutes cruel and unusual punishment, denies defendants equal protection of the law, violates due process or involves double jeopardy. 25 American Jurisprudence, Habitual Criminals, §§ 5 and 6, Graham v. West Virginia, 224 U.S. 616, 32 S.Ct. 583, 56 L.Ed. 917, Cross v. State, 96 Fla. 768, 119 So. 380.
The rationale upon which these statutes have been sustained is that the charge of being a second or subsequent offender does not involve an accusation of a crime other than, or separate from, the offense principally charged. The punishment awarded thereby is awarded for the last offense only and in determining the amount or nature of the penalty to be inflicted, the legislature may require the courts to take into consideration the persistence of the defendant in his criminal course. Such statutes do not create a separate offense. Milan v. State (Fla.) 102 So.2d 595, and compare 48 Columbia Law Review 241.
Recognizing the potential constitutional invalidity of the position that our act creates a separate, distinct, new offense, in Cross v. State, 96 Fla. 768, 119 So. 380, 386, we adopted the majority view of these laws:
"The statute does not make it an offense or crime for one to have been convicted more than once. The law simply prescribes a longer sentence for a second or subsequent offense for the reason that the prior convictions taken in connection with the subsequent offense demonstrates the incorrigible and dangerous character of accused thereby establishing the necessity for enhanced restraint. Bishop, Crim.Law (9th Ed.) § 993a. The imposition of such enhanced punishment is not a prosecution of or punishment for the former convictions. The Constitution forbids such action. The enhanced punishment is an incident to the last offense alone. But for that offense it would not be imposed. * * *"
See also State v. Nelson, 160 Fla. 744, 36 So.2d 427, and Washington v. Mayo (Fla.), 91 So.2d 621.
When we review the facts before us in light of the statutory language and its rationale, we are faced with a twice convicted felon who had completed all lawful sentences imposed against him and been freed from custody approximately two months before any attempt was made to vacate the previous sentence for his last offense.
Thus the question before us can be simply stated: Does a Florida court have the right and power to apply the enhanced sentence procedures of §§ 775.09 and 775.11 to a twice-convicted felon who has completed all lawful sentences imposed against him pursuant to his last offense, and who has been discharged from custody?
Notwithstanding any language we may have used in State v. Nelson, 160 Fla. 744, 36 So.2d 427 to the contrary, we now hold that our courts may not sentence a habitual offender to the enhanced punishment provided by F.S. § 775.09 et seq., F.S.A., once said offender has fully satisfied the judgment imposed against him pursuant to his conviction for his last offense.
Section 775.11 of our statutes contains language which was designed to overcome any impediment to the re-sentencing of habitual offenders. See also, F.S. § 921.24 and § 921.25, F.S.A. and 168 A.L.R. 706. As this court stated in Cross v. State, 96 Fla. 768, 119 So. 380, 387:
"The object in providing a method by which the fact of former convictions may be determined subsequent to the trial of the offender for his last offense is doubtless to make sure that old offenders shall not escape the enhanced punishment because their *504 former convictions are not known when they were last tried. There is manifest propriety in guarding against the escape from the enhanced penalty of those whose previous convictions are not known, or are not suitably made known to the court, at the time of their trial for their last offense. Otherwise, criminals who frequently change their place of operation and successfully conceal their identity at the time of their last trial would be punished simply as first offenders, and if no supplemental method was provided for determining the fact of former conviction they would escape the enhanced punishment, though subsequently recognized as old offenders."
The statutory language used to accomplish this result reads as follows:
"If at any time after sentence or conviction it shall appear that a person convicted of a felony has previously been convicted of crimes as set forth either in § 775.09 or § 775.10 the prosecuting attorney * * * shall file an information accusing said person of such previous convictions, whereupon the court * * * shall cause said person, whether confined in prison or otherwise, to be brought before it. * * *" F.S. § 775.11, F.S.A.
The statutory language of significance is italicized. The State contends that the language used does not limit the time within which the procedure prescribed thereby shall be followed. See People ex rel. Fernandez v. Kaiser, 230 App.Div. 646, 246 N.Y.S. 309, aff. 256 N.Y. 581, 177 N.E. 149, cert. den. 284 U.S. 631, 52 S.Ct. 16, 76 L.Ed. 537; State v. George, 218 La. 18, 48 So.2d 265; State v. Sudekatus, 72 Ohio App. 165, 51 N.E.2d 22; Little v. Gladden, 202 Ore. 16, 273 P.2d 443. In a word it is asserted that the statutory language means that the state is never precluded from proceeding against a second offender, even after he has completed his last sentence and has been at liberty for many years.
Such an interpretation goes too far. It is not consistent with the theory that recidivist legislation does not create a separate crime but that it merely prescribes an enhanced punishment for the last offense committed. Such a construction of our statutes would require a re-examination of our prior position that these acts do not violate our constitutional guaranties that a person shall not be placed twice in jeopardy for the same offense. We know also that with the available assistance of the Federal Bureau of Investigation and our Florida Sheriffs' Bureau, it is indeed difficult for a felon to conceal a criminal record now. We believe the better view requires a construction which limits the applicability of §§ 775.09 and 775.11 to the period of time during which a convicted felon has not completed the lawful sentence imposed against him for his last felonious offense.
By following this position, we may give effect to all of the statutory language of § 775.11, including that portion which provides "the court shall sentence him to the punishment prescribed in § 775.09 or § 775.10 as the case may be, and shall vacate the previous sentence, deducting from the new sentence all time actually served on the sentence so vacated." This view also enables the court to give effect to the language of F.S. § 775.11, F.S.A., without violation of the rule of law that the language of all criminal statutes should be strictly construed. 9 Fla. Jurisprudence, Criminal Law, § 17.
Finally, in applying a construction which limits the courts' powers to re-sentence, pursuant to F.S. § 775.11, F.S.A., to the period during which a convicted felon has not completed the sentence imposed for his last offense, we are not only aligning ourselves with the constitutional reasons justifying recidivous legislation, but we are also bringing ourselves within the general rule of law that where a judgment has been fully satisfied by the defendant, the trial court no longer has power to amend it by increasing the punishment therefor. See Smith v. *505 Brown, 135 Fla. 830, 185 So. 732, and 8 R.C.L., Criminal Laws, 247.
The sentence of two years for the second felony was imposed May 10, 1956, and it is conceded by respondent that with the aid of gain time earned by petitioner, he completed the service of that sentence on December 1, 1957 and was discharged. It therefore follows that the prosecuting authorities had from May 10, 1956 until December 1, 1957, a period of more than eighteen months in which to learn of his first felony conviction. We therefore hold that upon discharge December 1, 1957, petitioner had paid his debt to society by completing the service of the two sentences imposed and the books were closed on both sentences, and thus the completed sentence could not be vacated and extended upon resentence. The sentences imposed on him on February 20, 1958 and August 25, 1958 are void and the petitioner is discharged.
It is so ordered.
THOMAS, DREW, THORNAL and O'CONNELL, JJ., concur.