# Richmond

## WILBUR THOMAS LAWRENCE v. COMMONWEALTH OF VIRGINIA.

April 26, 1965.

Record No. 5935.

Present, Eggleston, C. J., and Buchanan, Snead, I'Anson, Carrico and Gordon, JJ.

*Ernest H. Dervishian* (*Dervishian, Hutzler & Lowenstein,* on brief), for the plaintiff in error.

*Reno S. Harp, III, Assistant Attorney General (Robert Y. Button, Attorney General,* on brief), for the Commonwealth.

I'ANSON, J., delivered the opinion of the court.

This is an appeal from a judgment wherein Wilbur Thomas Lawrence, hereinafter referred to as petitioner, was found to be a four-time offender under the recidivist statute, § 53-296, Code of 1950, 1958 Repl. Vol., pursuant to an information filed on June 25, 1958, by the Commonwealth's attorney for the city of Richmond, and sentenced to serve a term of fifteen years in the Virginia State Penitentiary, of which five years was suspended. A prior sentence imposed on the petitioner on June 25, 1958, under the information had been declared void by the court below under the holding of the United States Supreme Court in *Chewning* v. *Cunningham,* 368 U. S. 443, 7 L. ed. 2d 442, 82 S. Ct. 498 (Feb. 19, 1962), that the denial of counsel at a recidivist hearing violated due process of law.

Petitioner contends that the trial court was without jurisdiction and power to try him on the information because (1) Code § 53-296 violates the due process and equal protection clauses of the Fourteenth Amendment to the Federal Constitution; (2) the information did not comply with Code § 19.1-162 and was vague, misleading and incomplete; (3) the sentencing to additional confinement constituted double jeopardy; and (4) he had fully served all his felony convictions and was not lawfully held in the penitentiary.

On September 5, 1962, the petitioner and his court-appointed counsel appeared before the court below pursuant to a notice that the attorney for the Commonwealth would ask the court to act upon the information filed against him on June 25, 1958, alleging that he had theretofore been four times convicted and sentenced to the penitentiary. The offenses, dates and places of the felony convictions and sentences were set out in the notice to the petitioner.

Immediately after the court declared void the sentence theretofore imposed under the 1958 information, pursuant to the holding in the *Chewning* case, *supra,* the clerk of the court advised the petitioner that the Commonwealth's attorney had filed an information against him on June 25, 1958, alleging that he had been four times convicted and sentenced to the penitentiary for felonies; that he did not have to admit or deny that fact or to plead unless he wished to do so, to which the petitioner stated that he had been four times convicted and sentenced to the penitentiary on felony charges.

Petitioner's motion to dismiss this proceeding was overruled, and it appearing from the records filed in the proceeding that the petitioner had been four times convicted and sentenced to the penitentiary on felony charges, the court sentenced him to further confinement in the penitentiary for the term heretofore mentioned, and he was given credit under the court's order for the time already served under the void sentence of June 25, 1958.

Petitioner's contentions will be hereinafter dealt with in the order assigned above.

■ We have repeatedly held that Code § 53-296 is constitutional and that it does not violate the due process and equal protection of the laws guaranteed by either the Constitution of the United States or the Constitution of Virginia. *Sims* v. *Cunningham*, 203 Va. 347, 351, 354, 355, 124 S. E. 2d 221, 224-226; *Tyson* v. *Hening*, 205 Va. 389, 394, 136 S. E. 2d 832, 836. The validity of similar statutes has also been upheld by the United States Supreme Court and the highest courts of numerous states. *Moore* v. *Missouri*, 159 U. S. 673, 16 S. Ct. 179, 40 L. ed. 301; *McDonald* v. *Massachusetts*, 180 U. S. 311, 21 S. Ct. 389, 45 L. ed. 542; *Graham* v. *West Virginia*, 224 U. S. 616, 32 S. Ct. 583, 56 L. ed. 917. See 25 Am. Jur., Habitual Criminals, §§ 7 and 8, pp. 264, 265, and the cases and annotations referred to in the footnotes in each section.

■ Petitioner says that the information on which he was proceeded against does not comply with the requirements of § 19.1-162[1], as amended, Code of 1950, 1960 Repl. Vol., and that it is vague, misleading and incomplete.

Code § 19.1-162 is a criminal statute and applies only to a criminal proceeding. This proceeding is under § 53-296, the recidivist statute, and § 19.1-162 is not applicable. In the recent case of *Tyson* v. *Hening, supra*, 205 Va. at pp. 394, 395, 136 S. E. 2d at p. 836, we said:

"Recidivist statutes and habitual criminal acts create 'no new offense' but merely provide 'a proceeding' by which to determine the penalty to impose on one previously convicted of a crime. 'In other words, *it is not a crime to be an habitual criminal*, it is, rather, a status' which makes one convicted of more than one felony liable to a heavier penalty." Citing *Little* v. *Gladden*, 202 Ore. 16, 273 P. 2d 443, 444.

The sufficiency of the information is governed solely by the

---

[1] "An information may be filed upon presentment or indictment by a grand jury or upon a complaint in writing verified by the oath of a competent witness * * *."

language of § 53-296, and so much of the section that is pertinent here reads as follows:

"When a person convicted of an offense, and sentenced to confinement therefor in the penitentiary, is received therein, if it shall come to the knowledge of the director of the Department of Welfare and Institutions that he has been sentenced to a like punishment in the United States prior to the sentence he is then serving, the director of the Department of Welfare and Institutions shall give information thereof without delay to the Circuit Court of the City of Richmond. Such court shall cause the convict to be brought before it, to be tried upon an information filed, *alleging the existence of records of prior convictions and the identity of the prisoner with the person named in each \* \* \**." (Italics supplied.)

The information alleged that:

"\* \* \* Wilbur Thomas Lawrence, a convict in the penitentiary of Virginia, heretofore was convicted of four offenses against the laws of this Commonwealth, then and now punishable by confinement in the penitentiary, and was sentenced to confinement in the said penitentiary for the said offenses and was received into the said penitentiary in pursuance of said sentences, which said convictions will more fully and at large appear by reference in the records thereof, duly certified copies of which are here produced and shown to the Court. And the said Attorney for the Commonwealth giveth the Court further to understand and be informed, that the said convict is the identical person mentioned in each of the aforementioned records. \* \* \*"

The information clearly met all the requirements of § 53-296. It alleged the existence of the number of felony convictions and sentences thereunder as shown by the records and that the prisoner was the same person named in each record. The statute does not require the information to list the offenses, times and places of the convictions.

Moreover, the petitioner admitted in open court that he had been four times convicted of the felonies listed on the notice to him, and certified copies of the records of conviction were filed in the proceedings.

█ The additional sentence imposed upon the petitioner by the court below did not constitute double jeopardy. It is universally held that imposition of an additional sentence pursuant to a recidivist statute does not constitute double jeopardy. *Tyson v. Hening, supra,*

205 Va. at p. 396, 136, S. E. 2d at p. 837, and the numerous authorities there cited.

█ Petitioner says that at the time of the September 5, 1962, hearing he had completed serving his sentence for the last felony conviction and was serving time in the penitentiary as a recidivist, and since the sentence of June 25, 1958, had been declared void, he was not lawfully a convict in the penitentiary.

The same question raised here by the petitioner was recently decided adversely to his contentions in the case of *Deiter* v. *Commonwealth*, 205 Va. 771, 777, 139 S. E. 2d 788, 792. There we said that we interpret Code § 53-296 "to mean that [it] is applicable, provided, (1) that the information is filed against the prisoner while he is serving the sentence which forms the basis thereof, and (2) that action is taken thereon before he is released from the penitentiary."

And further, it was said, "We hold that * * * the information * * *, when timely filed * * *, serves as a detainer against the prisoner's release until it is seasonably acted upon and vests the court with power to enforce the provisions of the statute when the necessary ingredients are proven. That power is not divested as long as the information is outstanding and the prisoner lawfully remains under the control and supervision of the penitentiary authorities."

The record shows that the June 25, 1958, information was filed while Lawrence was confined in the penitentiary on his fourth conviction of a felony. Thus there is no question that the information was timely filed. The additional punishment imposed on September 5, 1962, was while he was lawfully under the control, restraint and supervision of the penitentiary authorities.

The case of *Reynolds* v. *Cochran* (Fla., 138 So. 2d 500), 365 U. S. 525, 81 S. Ct. 723, 5 L. ed. 2d 754, relied on by the petitioner, and also relied on in *Deiter, supra,* has no application here. There Reynolds had been released by the penitentiary authorities and was not under their supervision or control when proceeded against as a recidivist.

The Commonwealth moved to dismiss petitioner's petition for a writ of error on the ground that it was not timely filed. Since we granted the writ and have here decided the case on its merits, it is unnecessary for us to consider the Commonwealth's contention that the writ of error was improvidently granted.

Petitioner also argues that the refusal of the trial court to appoint

counsel to appeal his case to this Court was prejudicial. There is no merit in this argument. This Court permitted petitioner to file his petition *in forma pauperis* and appointed counsel to represent him on this appeal. He has been represented by an able and experienced attorney and has not been prejudiced on this appeal.

A fee of $200 and expenses is allowed petitioner's court-appointed attorney for representing him in this Court.

For the reasons stated, the judgment is

*Affirmed.*