Robert **HERNANDEZ**, No. D–018845,
Petitioner,

v.

Louie L. **WAINWRIGHT**, Director Bureau of Corrections, State of Florida,
Respondent.

No. 68–196 Civ. T.

United States District Court
M. D. Florida,
Tampa Division.
Jan. 20, 1969.

Robert Hernandez, pro se.

Earl Faircloth, Atty. Gen., Tallahassee, Fla., Robert R. Crittenden, Lakeland, Fla., for respondent.

## ORDER DENYING WRIT OF HABEAS CORPUS

KRENTZMAN, District Judge.

This cause came on for consideration upon a petition for Writ of Habeas Cor-

pus filed by Robert Hernandez, pro se, in forma pauperis. By order of September 18, 1968, this Court held that the petitioner had exhausted available state remedies in satisfaction of the requirements of § 2254, Title 28, United States Code. The respondent, Louie L. Wainwright, Director Bureau of Corrections, State of Florida, has made its return to the Court's order to show cause and the petitioner has made his reply to the response. Having given full consideration to the documents, pleadings and other materials on file in this cause the Court determines that the petition should be denied without a hearing.

The petitioner is being held in State custody by virtue of a five year sentence imposed by the State court after judgment and conviction for violation of Florida Statute 811.07, F.S.A. The Court denied petitions filed previously in this cause due to the petitioner's failure to exhaust State remedies. The exhaustion requirement of § 2254 of the United States Code has now been met so the present application has been given studied consideration. In deciding that the petitioner is not entitled to Federal habeas corpus relief, the Court makes the following specific determinations with respect to the allegations made.

## I

### RELEASE ON BAIL PENDING APPEAL

 Assuming, but not necessarily deciding, that the petitioner had a right to have bond set in his case pending the outcome of appellate consideration, the fact that the petitioner's case has now been ultimately decided renders this allegation to be moot. Mr. Hernandez no longer has any State procedure to resort to for review and therefore cannot now be admitted to bail.

## II

### DENIAL OF SPEEDY TRIAL

 The petitioner's contention that he has been denied his constitutional right to a speedy trial is found to be without merit. The Court is well aware of the serious constitutional considerations to be made with regards to the effect of the State's nolle prosequi. However, the petitioner's reliance on Klopfer v. State of North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967) is misplaced. The North Carolina procedure with regards to nolle prosequi involved there was somewhat unusual. As the Supreme Court of the United States pointed out in footnote 5 on page 220, 87 S.Ct. 988, the North Carolina approach is at least impliedly rejected in Florida.

Florida law allowed the State to take a nolle prosequi at any time prior to the jury being sworn. State v. Sokol, 208 So.2d 156 (Fla. 3 D.C.A. 1968). In State of Florida ex rel. Jones v. Newell, 117 So.2d 752 (Fla. 2 D.C.A. 1960) it was determined that the State could not over the defendant's objection, proceed to prosecute on the basis of an information that had been nolle prossed in a prior term. The Court there definitely stated that its holding would have no bearing upon the filing of a new information. In State v. Sokol, *supra*, it was squarely held that although one information may be nolle prossed the state may prosecute on the basis of another information as long as the later information is filed within the applicable time set out in the statute of limitations. In the present case no new information has been filed and the respondent's brief intimates that the State considers the previous information to be "quashed."

It is clear from the study of these cases and other authorities that under the law of Florida the nolle prosequi taken by the State in petitioner's cause has the effect of discharging the information previously filed by the State. Under these circumstances, the petitioner has no "habitual criminal" charge pending against him at this time and therefore cannot complain that he is being denied his Sixth Amendment right to speedy trial. The petitioner has no constitutionally protected right to have the State file charges against him or to require

that the State immediately seek another information.

■ The petitioner's case is governed by the recent holding in McConnell v. United States, 402 F.2d 852 (5 Cir. Oct. 28, 1968) wherein the Court stated on page 2 of the opinion:

"* * * the Sixth Amendment right to a speedy trial does not arise until after prosecution has been formally instituted * * * any delay between the date of the offense and the commencement of prosecution is controlled exclusively by the applicable statute of limitations."

This Court having determined that the nolle prosequi under Florida law has the effect of rendering the information previously filed a nullity, it can be said that prosecution presently remains to be formally instituted.

■■ On the issue of whether or not the petitioner is entitled to attack any further action the State may or may not consider relating to the habitual criminal charge, the Court must decline making a decision on this issue in the absence of an *actual* controversy based on existing facts. The Court recognizes that the speedy trial guarantee may also be defiled where the State waits an unreasonable time between the time of the offense and the time of initiating prosecution. This is especially so in the case of the habitual criminal statute, Florida Statute 775.11, F.S.A., which has been held not to be governed by the provisions of § 932.05 Florida Statutes, F.S.A., the two year limitation statute. See: Milan v. State, 102 So.2d 595 (Fla.1958). Lest the Court give the impression that the State is free to prosecute on the basis of the recidivist statutes at *any time*, it must be pointed out that there are limitations notwithstanding the inapplicability of Florida Statutes, § 932.05, F.S.A. See: Ard v. State, 91 So.2d 166 (Fla.1956); Reynolds v. Cochran, 365 U.S. 525, 81 S.Ct. 723, 5 L.Ed.2d 754 (1961); Reynolds v. Cochran, after remand from United States Supreme Court, 138 So.2d 500 (Fla.1962).

■ Although the petitioner has been demanding a speedy trial on the "habitual Criminal: charge for over two years, in addition to ruling that the nolle prosequi removed the original information and that petitioner's case does not require the Court to rule that an unreasonable time has elapsed since the offense, the Court further rules that petitioner's allegation lacks merit in another fundamental respect. As the petitioner correctly has pointed out in his brief, the additional penalty cannot be imposed while the last conviction is still on appeal. See: Joyner v. State, 158 Fla. 806, 30 So.2d 304 (1947). The essential element of finality of decision must exist before a prosecution may be pursued on the basis of the recidivist statutes. In the petitioner's case appellate review was not completed until after the appellate decision, Hernandez v. State, 212 So.2d 69 (Fla. 2 D.C.A. June 26, 1968) and the denial of certiorari, 218 So.2d 165 (Fla.S.Ct. Sept. 30, 1968). Since no valid information could have been filed until after September 30, 1968, the petitioner's allegation of denial of speedy trial is wholly without merit.

These determinations being made and the Court being otherwise advised in the premises, it is, therefore,

Ordered and adjudged:

1. That it is not necessary for the Court to hold an evidentiary hearing in this cause.

2. That the petition for writ of habeas corpus be and the same is hereby denied.