## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Michael Thomas Whelan

September 21, 1993

Case No. (Criminal) 80580

BY JUDGE JANE MARUM ROUSH

This case is before the Court on the motion of defendant Michael Thomas Whelan to quash an indictment charging him with the felony of driving on a revoked operator's license after having been adjudged a habitual offender. The Court heard oral argument, granted counsels' request to submit briefs, and took the case under advisement. Counsel submitted briefs on the motion, which were reviewed by the Court. For the reasons set forth below, the motion is denied.

In April of 1988 defendant was declared by this Court to be a habitual offender pursuant to § 46.1–387.3 of the Virginia Code. A motion to vacate that ruling on the grounds that the defendant was not represented by an attorney or a guardian *ad litem* was denied by Judge Jamborsky in May of 1993.

The defendant is now before the Court on the charge of driving on a revoked license after having been judged an habitual offender. He again challenges the validity of the 1988 determination, arguing that its deficiencies prevent the Court from acquiring jurisdiction in the instant case. Defendant's first argument is the same as was rejected by Judge Jamborsky in May 1993 and, accordingly, again is denied. Defendant's second argument is based on the "information" requirement of § 46.2–353 (formerly § 46.1–387.3). According to Mr. Whelan, the information used to obtain the habitual offender designation in 1988 was deficient because it was not verified by the oath of a competent witness. He characterizes the lack of such verification as a fatal juris-

dictional flaw. The resolution of this issue depends on the relationship between § 19.2–217, which addresses the technicalities of an information, and § 46.2–353, which mandates the procedures to be followed in habitual offender cases.

Section 19.2–217 states that "[a]n information may be filed by the attorney for the Commonwealth based upon a complaint in writing verified by the oath of a competent witness . . . ." Section 46.2–353, however, simply directs the Commonwealth's Attorney, upon receipt of transcripts or abstracts from the Commissioner of Motor Vehicles, to file an information alleging the necessary elements for the defendant to be adjudicated an habitual offender. In the instant case, the "information" filed pursuant to § 46.2–353 did not comport with the requirements for an "information" set out in § 19.2–217. The documentation upon which the information was based was certified by the Commissioner of Motor Vehicles, but this certification was not under oath.

The Commonwealth is correct in pointing out that the language of § 46.2–353 is mandatory. It is also true that "specific statutes such as § 46.2–353 override more general statutes such as § 19.2-217." Commonwealth's Memorandum at 2. Finally, the Virginia Supreme Court already has ruled on a virtually identical question, in *Lawrence v. Commonwealth*, 206 Va. 51, 141 S.E. 2d 735 (1965). In the *Lawrence* case, the defendant had been convicted under the "recidivist statute." *Id.* Because he "had been four times convicted and sentenced to the penitentiary on felony charges," he was sentenced to an additional term of fifteen years. *Id.*

The *Lawrence* defendant appealed, in part because of the very same defect at issue in the instant case. *Id.* Mr. Lawrence argued that "the information on which he was proceeded against does not comply with the requirements" of the criminal code. *Id.* at 53. The statute cited, § 19.1–162 (1960 Repl. Vol.), stated that "[a]n information may be filed . . . upon a complaint in writing verified by the oath of a competent witness." *Id.* at 53, n. 1. This language is identical to that of current § 19.2–217, on which Mr. Whelan relies. The Supreme Court ruled that the statute cited was "a criminal statute and applies only to a criminal proceeding." *Id.* at 53. Quoting an earlier decision, the Court stated:

Recidivist statutes and habitual criminal acts create "no new offense" but merely provide "a proceeding" by which to determine the penalty to impose on one previously convicted of

a crime. In other words, *it is not a crime to be an habitual criminal*, it is rather, a status which makes one convicted of more than one felony liable to a heavier penalty.

*Id.* at 53 (citing *Tyson v. Hening*, 205 Va. at 395, 136 S.E.2d at 836) (citations omitted) (emphasis in original). The Court then ruled that the "sufficiency of the information is governed solely by the [recidivist statute]." *Id.* at 53.

Applying the *Lawrence* analysis to the present case, the Court finds that the validity of the information is controlled by § 46.2-353. Since there has been no argument by the defendant that the information was in any way deficient under the habitual offender statutes, his motion to quash is denied.