CHEWNING *v.* CUNNINGHAM, PENITENTIARY
SUPERINTENDENT.

No. 63. Argued December 4–5, 1961.—Decided February 19, 1962.

*Daniel J. Meador,* acting under appointment by the
Court, 365 U. S. 875, argued the cause for petitioner.
With him on the briefs was *F. D. G. Ribble.*

*Reno S. Harp III,* Assistant Attorney General of
Virginia, argued the cause for respondent. With him on
the brief was *Frederick T. Gray,* Attorney General.

MR. JUSTICE DOUGLAS delivered the opinion of the
Court.

Petitioner was sentenced to 10 years in prison under
Virginia's recidivist statute. Va. Code, 1950, § 53–296.
This statute provides that when it appears that a person
convicted of an offense has been previously sentenced "to

a like punishment," he may be tried on an information that alleges "the existence of records of prior convictions and the identity of the prisoner with the person named in each." The statute goes on to provide that the prisoner may deny the existence of any such records, or that he is the same person named therein, or both.

If the existence of the records is denied, the court determines whether they exist. If the court so finds and the prisoner denies he is the person mentioned in the records or remains silent, a jury is impaneled to try that issue. If the jury finds he is the same person and if he has one prior conviction, the court may sentence him for an additional term not to exceed five years. If he has been twice sentenced, the court may impose such additional sentence as it "may deem proper."

Petitioner, then imprisoned in Virginia, was charged with having been three times convicted of and sentenced for a felony. He was accordingly tried under the recidivist statute; and he is now serving the sentence imposed at that trial. He brought this habeas corpus proceeding in the Virginia courts to challenge the legality of that sentence. The crux of his complaint was that he was tried and convicted without having had the benefit and aid of counsel, though he had requested one.[1] The Law and Equity Court of Richmond denied relief; and the Supreme Court of Appeals of Virginia refused a writ of error. While the grounds for the action of the Supreme Court of Appeals are not disclosed, the Law and Equity Court wrote an opinion, making clear that it ruled on the federal constitutional claim:

> "As to the mandate of the Fourteenth Amendment to the Constitution of the United States, here relied upon, the converse has been adjudicated. In Gryger

---

[1] He apparently did not appeal from the conviction. *Fitzgerald* v. *Smyth*, 194 Va. 681, 74 S. E. 2d 810, however, allows the deprivation of a constitutional right to be raised by habeas corpus.

v. Burke, 334 U. S. 728, where release [on] habeas corpus was sought on the ground that petitioner was without counsel at his recidivist hearing, Mr. Justice Jackson said, in part, as follows (at p. 731):

" '. . . the State's failure to provide counsel for this petitioner on his plea to the fourth offender charge did not render his conviction and sentence invalid.'

"This holding was adhered to in Chandler v. Fretag, 348 U. S. 3, where it was decided that, while a State is not required under the Fourteenth Amendment to furnish counsel, it cannot deny the defendant in a repeater hearing of the right to be heard by counsel of his own choice."

The Law and Equity Court, while conceding that a proceeding under the recidivist statute was "criminal" and that in that proceeding the accused was entitled to most of the protections afforded defendants in criminal trials, concluded that petitioner was not entitled to have counsel appointed to assist him, since the proceeding was "only connected with the measure of punishment for the last-committed crime." Cf. *Fitzgerald* v. *Smyth,* 194 Va. 681, 689–690, 74 S. E. 2d 810, 816.

We put to one side *Gryger* v. *Burke,* 334 U. S. 728, on which the Virginia court relied. In that case, identity was the only issue and the specialized circumstances seemed to a majority not to require the appointment of counsel. Under the present recidivist statute, the situation is quite different. As we have seen, the "existence" of records of prior convictions of the kind described in the statute is an issue tendered in Virginia. We said of a like issue in *Reynolds* v. *Cochran,* 365 U. S. 525, 531, ". . . if petitioner had been allowed the assistance of his counsel when he first asked for it, we cannot know that counsel could not have found defects in the 1934 conviction that would have precluded its admission in a mul-

tiple-offender proceeding." In that case we also pointed out that the issue of "identity" may at times present difficult local law issues, as for example "whether the second-offender statute may be applied to reimprison a person who has completely satisfied the sentence imposed upon his second conviction and has been discharged from custody." *Id.*, p. 532.

In *Reynolds* v. *Cochran, supra,* the accused had his own lawyer and only asked for a continuance. But the holding in the case applies equally to an accused faced with an information under Virginia's recidivist statute and who has no lawyer. It is "The nature of the charge" (*Tomkins* v. *Missouri,* 323 U. S. 485, 488) that underlines the need for counsel. In trials of this kind the labyrinth of the law is, or may be, too intricate for the layman to master. *Id.*, pp. 488–489; *Williams* v. *Kaiser,* 323 U. S. 471, 474. Virginia has held that the validity of any of the prior convictions, used to bring the multiple-offender statute into play, may be inquired into. See, *e. g., Wesley* v. *Commonwealth,* 190 Va. 268, 272–274, 56 S. E. 2d 362, 364. These may involve judgments of conviction in any state or federal court in the Nation. Counsel, whom we appointed to represent petitioner here, has shown the wide variety of problems that may be tendered. In Virginia, a trial under this statute may present questions such as whether the courts rendering the prior judgments had jurisdiction over the offenses and over the defendant and whether these offenses were punishable by a penitentiary sentence. *Wesley* v. *Commonwealth, supra,* 190 Va., at 273, 56 S. E. 2d, at 364. In Virginia, a sentence in excess of the one the court rendering it had power to impose is "void for the excess only." See *Royster* v. *Smith,* 195 Va. 228, 235, 77 S. E. 2d 855, 858–859. In Virginia, a court in considering whether the prior convictions afforded a proper basis on which to invoke the recidivist statute has considered whether, in a prior trial,

the defendant was represented by counsel and whether it was a fair and impartial trial. *Willoughby* v. *Smyth,* 194 Va. 267, 271, 72 S. E. 2d 636, 639. In Virginia, a prior conviction that is on appeal may not be the proper basis for a recidivist charge. *White* v. *Commonwealth,* 79 Va. 611. And there appears to be a question whether two prior convictions rendered the same day or at the same term could both be used in a Virginia multiple-offender prosecution. *Commonwealth* v. *Welsh,* 4 Va. 57. See *Dye* v. *Skeen,* 135 W. Va. 90, 102–103, 62 S. E. 2d 681, 688–689.

Double jeopardy and *ex post facto* application of a law are also questions which, as indicated in *Reynolds* v. *Cochran, supra,* p. 529, may well be considered by an imaginative lawyer, who looks critically at the layer of prior convictions on which the recidivist charge rests. We intimate no opinion on whether any of the problems mentioned would arise on petitioner's trial nor, if so, whether any would have merit. We only conclude that a trial on a charge of being a habitual criminal is such a serious one (*Chandler* v. *Fretag,* 348 U. S. 3), the issues presented under Virginia's statute so complex, and the potential prejudice resulting from the absence of counsel so great that the rule we have followed concerning the appointment of counsel in other types of criminal trials [2] is equally applicable here.

*Reversed.*

[For opinion of MR. JUSTICE HARLAN, concurring in the result, see Nos. 56 and 57, *Oyler* v. *Boles* and *Crabtree* v. *Boles, post,* p. 457.]

---

[2] *Williams* v. *Kaiser, supra; Tomkins* v. *Missouri, supra; Townsend* v. *Burke,* 334 U. S. 736; *Hudson* v. *North Carolina,* 363 U. S. 697; *McNeal* v. *Culver,* 365 U. S. 109.