UNITED STATES of America, ex rel. Samuel BARNES, Relator,

v.

Edward M. FAY, Warden of Green Haven. Prison, Stormville, New York, Respondent.

United States District Court
S. D. New York.
June 18, 1963.

Louis J. Lefkowitz, Atty. Gen. of New York, Irving Galt and Vincent A. Marsicano, Asst. Attys. Gen., New York City, for relator.

Anthony F. Marra, New York City, by Leon B. Polsky, New York City, of counsel, for respondent.

EDELSTEIN, District Judge.

This is an application by a prisoner in custody pursuant to a judgment of the Kings County Court of the State of New York, for a writ of habeas corpus, 28 U.S.C. § 2243 (1952). Relator was found guilty after a jury trial of the crime of grand larceny in the first degree. He was sentenced on December 5, 1952, to a term of from twenty-five years to life as a fourth felony offender, pursuant to New York's Multiple Offender Law. See N.Y. Penal Law § 1943. Relator alleges that his fourth felony offender sentence must be set aside because one of his prior convictions upon which his current sentence is predicated is unconstitutional.

Barnes attacks a 1928 Michigan conviction obtained in the Recorder's Court of Detroit. In 1926 relator pleaded guilty in the Recorder's Court of Detroit, Michigan, to the crime of larceny from the person, a crime which New York characterizes as a felony for the purpose of administering its Multiple Offender Law. Cf. N.Y.Penal Law § 1296. Subsequently, he pleaded guilty to a charge of larceny from the person in the same court on May 19, 1928, and was sentenced to a term of from two years and six months to five years. Thereafter, relator pleaded guilty on May 26, 1928, to a supplemental information which charged that he was a prior felony violator as a result of having been convicted in 1926 of a felony. His original 1928 sentence was then vacated and he was resentenced to a minimum term of from two years five months and twenty-three days to a maximum term of seven years five months and twenty-three days.

Relator now claims that his original 1928 felony conviction, as well as the conviction at the supplemental hearing, are invalid because he was not represented by counsel either at the time he pleaded guilty to the charge of larceny from the person or upon his plea of guilty at the supplemental hearing held to determine whether he had been previously convicted of a felony. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595 (1942); Chewning v. Cunningham, 368 U.S. 443, 82 S.Ct. 498, 7 L.Ed.2d 442 (1962). Barnes claims that he was prejudiced by the absence of counsel at both of the above designated 1928 Michigan convictions, and consequently these convictions were attended by fundamental unfairness so as to deprive him of due process as guaranteed by the Fourteenth Amendment. Relator alleges that

if his contention is valid his sentence in New York as a fourth felony offender must be vacated, and he must then be entitled to be resentenced in New York as a third felony offender.

█ █ A prisoner held in custody by the New York authorities may proceed directly on a writ of habeas corpus in a Federal court when the prisoner seeks to overturn an out-of-state conviction which is used as a basis for his New York multiple offender sentence. See United States ex rel. LaNear v. LaVallee, 306 F.2d 417 (2d Cir., 1962); United States ex rel. McGrath v. LaVallee, 319 F.2d 308, 2d Cir. Instead of proceeding first in the District Court, relator in April 1962 brought a writ of error in the Recorder's Court of Detroit, Michigan, in which he attempted to upset the 1928 Michigan second felony offender conviction. Judge Skillman of the Recorder's Court, the same judge who had originally sentenced relator as a second felony offender, held on April 11, 1962, that the relator had been represented by counsel at the time that he pleaded guilty to the original 1928 charge of larceny from the person and also at the time of his plea of guilty to the supplemental information. Relator's notice of appeal from this decision was dismissed without opinion by the Michigan Supreme Court on July 11, 1962. Relator was incarcerated in New York at the time of this 1962 attack on these 1928 Michigan convictions. He never appeared personally and was not represented by counsel in this most recent Michigan proceeding, which was adjudicated entirely upon submitted papers and upon the records of the Recorder's Court.

The inadequacy of this Michigan postconviction procedure demonstrated that Judge Skillman's ruling should not be dispositive, as a more fulsome fact-finding procedure was required to determine the merits of relator's constitutional claims. See Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963);

Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953). Accordingly, this court assigned counsel to relator. A hearing was held on March 8, 1963, at which the facts and circumstances of relator's claims were examined.

As is often the case where a dated out-of-state conviction is at issue, the only evidence presented at this hearing in support of relator's claims was relator's own testimony. This testimony consisted of no more than the relator's bare assertion that he had not been represented by counsel either at the time of his plea of guilty to the charge of larceny from the person on May 19, 1928, or at the time of his plea of guilty to the supplemental information on May 26, 1928.

In support of the respondent's position there is uncontradicted evidence in the record that relator was twenty-nine years old at the time of his second felony conviction in 1928, and had appeared in court in various states approximately thirty-nine times on assorted misdemeanor and felony charges before being convicted in 1928 Recorder's Court.[1] Furthermore, there is documentary evidence in the record to indicate that relator had counsel on at least one of the occasions on which he claims counsel was not present. Attached to and made a part of relator's petition for the writ of habeas corpus drawn by the relator himself is a copy of an affidavit dated June 9, 1962, by Henrietta E. Rosenthal, a Judicial Assistant in the Recorder's Court of Detroit, Michigan. This affidavit had also been submitted to the Michigan Supreme Court by the Office of the Michigan Attorney General in connection with relator's appeal from the adverse decision on his writ of error. This affidavit refers to the files of the Recorder's Court and states that these files show "That, in case No. 81267 [pertaining to relator's 1928 felony conviction] the space for the name of the attorney shows Weller (Samuel) and for trial the name of the attorney is given as Herbert

---

1. Division of Identification, Department of Correction, State of New York, Report D.C.I. #223226X.

White. In Case No. *1267 [sic] defendant was later charged as a repeater on the basis of two convictions for a felony, larceny from the person. That there is no space on that type of file for the writing in of supplemental data, so that it had been written in on the back cover and there was no recital of either the prosecuting attorney or surety." Thus the court records show that the relator had been represented by counsel at the time of his plea to the charge of larceny from the person, but the records pertaining to the supplementary proceeding does not demonstrate, one way or the other, whether or not petitioner had counsel at the time of his plea to the supplemental information.

▊▊ A habeas corpus proceeding is a civil proceeding and a petitioner has the burden of showing by a fair preponderance of the credible evidence that his present detention is unlawful. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); Stewart v. Smyth, 288 F.2d 362 (4th Cir., 1961). The burden is on him "to allege and prove primary facts, not inferences, that show, notwithstanding the strong presumption of constitutional regularity in state judicial proceedings, that in his prosecution the state so departed from constitutional requirements as to justify a federal court's intervention to protect the rights of the accused." Darr v. Burford, 339 U.S. 200, 218, 70 S.Ct. 587, 597, 94 L.Ed. 761 (1950), overruled on other grounds; Fay v. Noia, 372 U.S. 391, 435–438, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); Johnson v. Zerbst, supra.

Baker v. Ellis, 204 F.2d 353 (5th Cir., 1953) is a habeas corpus decision which, in principle, is apposite to the instant case, particularly as it bears on the original 1928 conviction. In Baker the court held that petitioner's testimony to the contrary was not sufficient to overcome the presumptive validity of a recital in the state court judgment which stated that the petitioner had appeared with counsel at the time of his plea of guilty, together with the minute book entry which indicated that a named attorney had been appointed as his counsel. Similarly, in the case at bar the relator's bare allegations as to the events of thirty-five years ago, are insufficient, standing alone, to overcome the presumptive validity of the court records, as evidenced by the affidavit of a Judicial Assistant in the Recorder's Court of Detroit, Michigan. These court records clearly indicate that relator was represented by counsel at the time of his appearance before the court on May 19, 1928, on the original charge of larceny from the person.

Assuming, without deciding, that Chewning v. Cunningham, supra, and Gideon v. Wainwright, supra, would now require relator's 1928 Michigan conviction to be vitiated on the ground that Barnes should have been represented by counsel at the 1928 supplemental multiple offender hearing, this court finds that relator has not shown by a fair preponderance of the credible evidence that he was not represented by counsel at this supplemental hearing.

The court has had the opportunity of observing with care the relator's demeanor on the witness stand and the manner in which he narrated the events of thirty-five years ago. Relator was less than candid and was quite evasive in many of his responses. His testimony was characterized by vacillations between conflicting responses. On cross-examination he contradicted himself in several important particulars. He testified on cross-examination that an attorney in 1926 succeeded in bailing him out of jail, and there is indeed evidence in the affidavit of the Judicial Assistant of the Recorder's Court that relator had been at liberty on a bond in 1926. But at a later stage of the cross-examination relator testified that he had never consulted an attorney prior to 1952, and soon thereafter on redirect examination his story changed so that he then said that he had never had an attorney prior to 1946. A further contradiction in his testimony relates to whether or not the charge of larceny from the person in 1928 was read to him. At one point in his testimony

**156**

he affirmed that it had been read to him, but at a later point in his testimony he stated that he did not remember whether the charge had been read to him. When the court reminded relator that he had previously testified to the contrary fact concerning the reading of the charges he admitted that his first statement was correct and, furthermore, that he had in fact understood the charges.

The only evidence presented to support relator's allegations that his present detention is unlawful because it is based on an earlier unconstitutional conviction is relator's own unpersuasive testimony. In evaluating the credibility of a habeas corpus petitioner the court should be mindful of an admonition, applicable in all proceedings, concerning the trustworthiness of self-serving declarations. This admonition was aptly expressed recently in Grace Line, Inc. v. United States Line Co., 193 F.Supp. 664, 671 (S.D.N.Y.1961) aff'd 302 F.2d 933 (2d Cir., 1962). "The events in suit occurred * * * years before any testimony was taken; without suggesting conscious dishonesty, the memory of an interested witness is likely to be self-serving at the outset and to sharpen over the years in the sense favorable to his cause." (Friendly, J.) See Morgan, Hearsay & Preserved Memory, 40 Harv. L.Rev. 712, 717 (1927). Similarly the court does not suggest conscious dishonesty on the part of relator. It finds, however, that the insubstantial evidence in support of his claim, his self-serving declarations and contradictory testimony fall short of persuading the court that he was not represented by counsel at the supplementary hearing which was held just one week after he had pleaded guilty with the assistance of counsel to the crime of larceny from the person.

Therefore this court finds that on the basis of the court's observation of the relator's demeanor and analysis of his testimony that his version as to the events taking place thirty-five years ago is not credible. United States ex rel. Wissenfeld v. Wilkins, 281 F.2d 707 (2d Cir., 1960); Albert ex rel. Buice v.

Patterson, 155 F.2d 429, 432 (1st Cir., 1946) cert. denied Buice v. Patterson, 329 U.S. 739, 67 S.Ct. 83, 91 L.Ed. 638 (1946). The relator has failed to sustain his burden of proving by the fair preponderance of the credible evidence that he had not been represented by counsel either at the time he pleaded to the charge of larceny or at the time of the supplemental hearing. "We are mindful that time dulls the memory of some and ignites the fancy of others." United States ex rel. McGrath v. La-Vallee, supra, (Friendly, J., concurring and dissenting opinion).

Accordingly the writ of habeas corpus is dismissed. This opinion shall constitute the court's Findings of Fact and Conclusions of Law in accordance with Rule 52(a), Fed.R.Civ.P.

So ordered.