Charles F. YAEGER, Appellant,

v.

The DIRECTOR OF the DEPARTMENT OF WELFARE AND INSTITUTIONS et al., Appellees.

No. 8918.

United States Court of Appeals Fourth Circuit.

Argued June 7, 1963.

Decided June 29, 1963.

James C. Roberts, Richmond, Va. (Court-assigned counsel), for appellant (Charles F. Yaeger, pro se, on brief).

Reno S. Harp, III, Asst. Atty. Gen. of Virginia, for appellees (Robert Y. Button, Atty. Gen. of Virginia, on brief).

Before SOBELOFF, Chief Judge, J. SPENCER BELL, Circuit Judge, and BARKSDALE, District Judge.

SOBELOFF, Chief Judge.

■ On the earlier appeal of this case we remanded to the District Court for a hearing, 4 Cir., 298 F.2d 55. After a hearing held on June 14, 1962, the District Court found that the appellant had been denied the assistance of counsel in his trial in August, 1950, in the state court on the charge of escape from prison. However, applying the rule of Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595 (1942), which the Supreme Court has since repudiated, the District Court held that such denial had not operated to deprive the appellant of any constitutional rights. The sentence for escape is the one currently being served by the appellant. It is clear that under Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), the conviction and sentence are invalid and constitute no legal cause for the detention of the appellant.

■ The District Court also found that a fifteen-year recidivist sentence imposed on the appellant in 1954 as a fourth-time offender was void for the reason that in that proceeding too the appellant had been denied the assistance of counsel. This holding of the District Court is clearly correct under the authority of Chewning v. Cunningham, 368 U.S. 443, 82 S.Ct. 498, 7 L.Ed.2d 442 (1962), which held that a recidivist proceeding is of sufficient gravity to entitle the defendant to counsel, and that denial of counsel in such a proceeding violates the prisoner's constitutional rights under the Fourteenth Amendment.

■ Although the sentences are void, it does not follow that the prisoner is entitled to release, for normally upon the invalidation of proceedings an appellant would be subject to retrial in the state court.[1] This is clearly so as to the escape sentence, but in this case the practical importance of the rule is reduced by the fact that the escape sentence will have been served out by September, 1963.

As to the recidivist proceeding, the Attorney General stated to the court that arrangements have been made to retry the appellant in July, a few weeks from this date. Service of any new sentence for recidivism would begin at the expiration of the sentence for escape.

■ The court-appointed counsel for the appellant has argued to us that the Commonwealth of Virginia may not now retry Yaeger as a fourth-time recidivist, contending that the appellant has completed service of the last of the four substantive sentences which constitute the basis for the recidivist proceeding.[2] The appellant's theory, which finds at least a measure of support in Reynolds v. Cochran, 365 U.S. 525, 526 n. 2, 81 S.Ct. 723, 5 L.Ed.2d 754 (1961),[3] is that punishment imposed on a recidivist is not for an independent offense but is in the nature of an enhancement of the punishment for a substantive offense. Consequently, it is argued that if the prisoner has served out the penalties imposed upon him for all of his substantive offenses, he may not then be subjected to an additional penalty, for to do so would violate the prohibition against double jeopardy.

The question raised may have substance, but it has never been presented to

1. This the Commonwealth of Virginia has now recognized and is scheduling retrial of all recidivists who were tried without the benefit of counsel.

2. The petitioner's fourth Virginia conviction was in March, 1954, for statutory burglary and the sentence imposed for that offense was a prison term of five years, which according to the District Court's finding was completed on May 6, 1957.

3. And see Chewning v. Cunningham, 368 U.S. 443, 447, 82 S.Ct. 498, 7 L.Ed.2d 442 (1962).

the state courts of Virginia. As it involves the interpretation and operation of a statute of that state, we deem it appropriate to refrain from initially deciding the point. The objection to the authority of the state to retry Yaeger at this time as a fourth-time recidivist is one of the defenses that may appropriately be addressed to the state court in July. In so declaring, we think it proper to observe that it would not be fair to the appellant to postpone the retrial in the state court indefinitely, in view of the earlier proceedings for release on habeas corpus which have been running their course for some years, and especially in light of the fact that last March the case was postponed till July over the appellant's objection.

Therefore, the District Court's order insofar as it invalidated the recidivist sentence is affirmed; insofar as it upheld the sentence for escape it is reversed; and the case is remanded to the District Court pending the indicated retrial of the recidivist proceeding in the state court.

Affirmed in part, reversed in part, and remanded.