# Richmond

Urban Leroy Deiter, Jr. v. Commonwealth of Virginia.

January 18, 1965.

Record No. 5826.

Present, Eggleston, C. J., and Buchanan, Snead, I'Anson and Carrico, JJ.

*Rufus G. Coldwell, Jr.* (*Browder, Russell & Morris*, on brief), for the plaintiff in error.

*Reno S. Harp, III, Assistant Attorney General* (*Robert Y. Button, Attorney General*, on brief), for the Commonwealth.

Carrico, J., delivered the opinion of the court.

This appeal presents the question of whether a prisoner can be sentenced as a recidivist upon an information, timely filed, at a time

when, although still an inmate in the penitentiary, he has completed serving the sentence upon which the information is based.

The situation developed, chronologically, in the following manner:

On November 1, 1960, Urban Leroy Deiter, Jr., was convicted of the offense of breaking and entering in the Circuit Court of Nelson County. He was sentenced to serve two years in the penitentiary, and was received therein pursuant to the order of conviction.

This was Deiter's third instance of conviction of felony and sentence to the penitentiary. Accordingly, on December 14, 1960, an information was filed in the Circuit Court of the city of Richmond by the Attorney for the Commonwealth, pursuant to the recidivist statute, Code, § 53-296.[1]

On the same date, Deiter was brought before the court, tried on the information and sentenced to serve an additional term of ten years in the penitentiary, with two years thereof suspended. He did not have counsel of his own choice nor was one provided for him by the court.

On April 11, 1961, Deiter was convicted of the offense of escape and sentenced to serve one year in the penitentiary.

On February 19, 1962, the Supreme Court of the United States

---

[1] "§ 53-296. *Convicts previously sentenced to like punishment; additional confinement.*—When a person convicted of an offense, and sentenced to confinement therefor in the penitentiary, is received therein, if it shall come to the knowledge of the Director of the Department of Welfare and Institutions that he has been sentenced to a like punishment in the United States prior to the sentence he is then serving, the Director of the Department of Welfare and Institutions shall give information thereof without delay to the Circuit Court of the city of Richmond. Such court shall cause the convict to be brought before it, to be tried upon an information filed, alleging the existence of records of prior convictions and the identity of the prisoner with the person named in each. The prisoner may deny the existence of any such records, or that he is the same person named therein, or both. Either party may, for good cause shown, have a continuance of the case for such reasonable time as may be fixed by the court. The existence of such records, if denied by the prisoner, shall be first determined by the court, and if it be found by the court that such records exist, and the prisoner says that he is not the same person mentioned in such records, or remains silent, his plea, or the fact of his silence, shall be entered of record, and a jury of bystanders shall be impaneled to inquire whether the convict is the same person mentioned in the several records. If they find that he is not the same person, he shall be remanded to the penitentiary; but if they find that he is the same person, or if he acknowledge in open court after being duly cautioned, that he is the same person, the court may sentence him to further confinement in the penitentiary for a period of not exceeding five years, if he has been once before sentenced in the United States to confinement in the penitentiary; but if he has been twice sentenced in the United States to such confinement, he may be sentenced to be confined in the penitentiary for such additional time as the court trying the case may deem proper. This section, however, shall not apply to successive convictions of petit larceny."

decided the case of *Chewning* v. *Cunningham*, 368 U. S. 443, 7 L. ed. 2d 442, 82 S. Ct. 498, holding that under the Virginia recidivist statute, the denial of counsel at the recidivist hearing violated due process of law.

Following this decision, Deiter, on April 26, 1962, filed a petition for a writ of habeas corpus in the Circuit Court of the city of Richmond praying that his recidivist sentence of December 14, 1960, be declared null and void and set aside because he was not represented by counsel at his hearing.

On May 16, 1962, Deiter completed service of the sentence imposed upon him in Nelson County and he commenced serving his recidivist sentence.

On August 21, 1962, the Attorney for the Commonwealth gave notice to the court, Deiter and his counsel that he intended to proceed on the information previously filed on December 14, 1960.

On November 29, 1962, after several continuances granted on motion of Deiter's counsel, the petition for habeas corpus was heard by the court. An order was entered finding that the prisoner was then serving the recidivist sentence of December 14, 1960, and that the sentence was void by virtue of the *Chewning* decision. The order further stated that it appeared that the Attorney for the Commonwealth intended to proceed on the information of December 14, 1960; that Deiter had been convicted of the offense of escape and sentenced to serve one year in the penitentiary; that the prisoner had served six months and thirteen days under the void recidivist sentence but that such time was not sufficient to satisfy the escape sentence, and that he was, therefore, remanded to the custody of the superintendent of the penitentiary, "pending his trial on the aforesaid Information."

Immediately upon taking this action, on the same day and without interruption, the court proceeded to hear the information of December 14, 1960, upon the statement of "the defendant in person and by counsel . . . that he desired to be tried on this date."

Proof was submitted by the Commonwealth of the previous convictions and sentences of Deiter and he admitted in open court, after being duly cautioned, that he was "the same person mentioned in the several records of conviction." The court also heard Deiter's plea for a suspended sentence and took evidence concerning his background. At the conclusion of the hearing, the court sentenced Deiter to "further confinement in the Penitentiary for a term of

ten years" with credit for six months and thirteen days served on the void sentence and with five years suspended.

Deiter was granted a writ of error and counsel was appointed to represent him before this court. In his brief and in oral argument, counsel has ably presented the contention that:

"The Circuit Court of the City of Richmond was without power to sentence [Deiter] as a recidivist, he having served all sentences for convictions alleged in the Information prior to the said trial of November 29, 1962, and that, therefore, there was no existing sentence for which the punishment could be enhanced; and that the Court in so doing subjected [Deiter] to double jeopardy."

Deiter cites our ruling that a recidivist sentence "is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one." *Sims* v. *Cunningham*, 203 Va. 347, 353, 124 S. E. 2d 221. He also relies on our holding that "it is not 'a crime to be a multiple offender' nor is it an independent offense, but rather a status under which the penalty is enhanced." *Tyson* v. *Hening*, 205 Va. 389, 395, 136 S. E. 2d 832.

Deiter then asks, how can the punishment for a crime be enhanced when the judgment imposed therefor has been fully satisfied?

The answer, Deiter says, is to be found in the case of *Reynolds* v. *Cochran*, Fla., 138 So. 2d 500, upon which he places great reliance.

Reynolds was convicted of the offense of grand larceny and sentenced to two years in prison. He served his sentence and was released from custody. *Two months after his discharge*, he was arrested and, for the first time, informed against as a second offender, based upon the grand larceny conviction and an earlier conviction of robbery. He was "found guilty of the offense of 'Second Offender'" and sentenced to the state prison for ten years.

Reynolds filed an original petition for habeas corpus in the Supreme Court of Florida, which was dismissed without a hearing. He then sought and was granted certiorari to the Supreme Court of the United States. The latter court reversed and remanded the case for a hearing to afford Reynolds an opportunity to prove that he was denied assistance of counsel at his recidivist hearing. The Supreme Court noted that Reynolds also contended that his confinement was not authorized by the Florida recidivist statute because he had already served the sentences imposed upon each of his prior convictions and that such confinement violated constitutional prohibitions against *ex post facto* laws and double jeopardy. The court declined

to pass on these contentions but did say of them that "they certainly cannot be fairly characterized as frivolous." *Reynolds* v. *Cochran*, 365 U. S. 525, 5 L. ed. 2d 754, 81 S. Ct. 723.

On the return of the case, the Supreme Court of Florida ordered the discharge of Reynolds from custody. In its opinion, the court stated that the question to be decided was:

"Does a Florida court have the right and power to apply the enhanced sentence procedures of §§ 775.09 and 775.11 to a twice-convicted felon who has completed all lawful sentences imposed against him pursuant to his last offense, *and who has been discharged from custody?*" [Emphasis added.]

The court said that the answer to the question was:

" . . . [W]e now hold that our courts may not sentence a habitual offender to the enhanced punishment . . . once said offender has fully satisfied the judgment imposed against him pursuant to his conviction for his last offense."

" . . . We believe the better view requires a construction which limits the applicability of §§ 775.09 and 775.11 to the period of time during which a convicted felon has not completed the lawful sentence imposed against him for his last felonious offense."

We do not consider the Florida ruling persuasive in this case. In the first place, the holding of the court that the application of the statute was limited "to the period of time during which a convicted felon has not completed" the sentence for his last crime, was mere dictum. It was not responsive to the question presented and was not necessary to a disposition of the case.

Furthermore, when he was informed against, Reynolds was out of the penitentiary and had been free from the control and supervision of prison authorities for two months. When he served his sentence and was released, without an information previously having been filed against him, he had every right to assume that no enhanced punishment was to be applied in his case.

We do not consider that Deiter's claims should be "characterized as frivolous." But that does not necessarily mean that they have merit. The situation found in Deiter's case is quite different from that existing in the *Reynolds* case.

The information against Deiter was timely filed and his first trial and sentence thereon took place under circumstances which completely satisfied the requirements of Code, § 53-296.

Such trial and sentence, even though Deiter did not have counsel,

also satisfied what was the then existing concept of due process of law as laid down in *Gryger* v. *Burke*, 334 U.S. 728, 92 L. ed. 1683, 68 S. Ct. 1256. There it was held that a state's failure to provide counsel to a prisoner in a recidivist hearing "did not render his conviction and sentence invalid." This ruling was "put to one side" in the case of *Chewning* v. *Cunningham, supra*, which, as has been noted, held that denial of counsel at such a hearing did violate due process of law.

As a result of the *Chewning* ruling, Deiter's recidivist sentence was declared void. But it was the sentence only, and not the information, which was declared void. The information of December 14, 1960, was then valid, outstanding, alive and unsatisfied. Deiter was then still under the control and supervision of the penitentiary authorities. He could not be released when his sentence was voided because the information served as a detainer against him and he had not served the sentence imposed upon him for escape. The judge of the trial court in one breath voided the sentence and in the next, with Deiter's concurrence, proceeded to hear the information. Deiter, unlike Reynolds, had no right to assume that he would be released from the penitentiary without enhanced punishment as a multiple offender.

The provisions of Code, § 53-296 support the action of the trial court. The section provides that the Director of the Department of Welfare and Institutions shall, without delay, report to the Circuit Court of the city of Richmond when he learns that a prisoner "has been sentenced to a like punishment . . . *prior to the sentence he is then serving*" and that "such court shall cause the convict to be brought before it, to be tried upon an information filed."

Deiter contends that the italicized words of the statute display a legislative intent "that a person who is not then serving the sentence would not be affected by the Statute or its penalties."

The italicized language of the Code section is, in our opinion, merely definitive of the type of repetitive crime which triggers the application of the statute. It is only directive of the time when the Director of the Department of Welfare and Institutions must act and of the time when the information must be filed against the prisoner. It does not prescribe a time limit within which the court must act upon the information. In short, the language of the statute does not evidence the legislative intent which Deiter ascribes to it.

To the contrary, when the full language of the Code section is

viewed and effect is given to all of its parts and to its intended purposes, we interpret it to mean that the statute is applicable provided, (1) that the information is filed against the prisoner while he is serving the sentence which forms the basis thereof, and (2) that action is taken thereon before he is released from the penitentiary.

We hold that it is the information which, when timely filed as we have just indicated, serves as a detainer against the prisoner's release until it is seasonably acted upon and vests the court with power to enforce the provisions of the statute when the necessary ingredients are proven. That power is not divested as long as the information is outstanding and the prisoner lawfully remains under the control and supervision of the penitentiary authorities.

What has been said disposes of Deiter's contention that, because the trial court was without power to determine his status as a multiple offender, his sentence constituted double jeopardy. Moreover, the ruling in *Tyson v. Hening, supra,* and the authorities therein cited serve as sufficient answer to this contention:

". . . [T]he allegation of double jeopardy has been so conclusively and universally held to be without merit that it does not warrant a lengthy discussion. A plea of former jeopardy has no application to habitual criminal proceedings. It is not an offense to be an habitual criminal, it is merely a status which determines the extent of punishment. *State v. Durham,* 177 Ore. 574, 582, 164 P. 2d 448, 451; *State v. Lawson, supra,* 125 W. Va. at p. 3, 22 S. E. 2d at p. 644. See also *In Re Bean's Petition,* 139 Mont. 625, 365 P. 2d 936, 937; *Poppe v. State,* 155 Neb. 527, 52 N. W. 2d 422, 426-27; *Washington v. Mayo,* Fla., 91 So. 2d 621, 623; *State v. George, supra,* 48 So. 2d at p. 269; *Johnson v. Crouse,* 191 Kan. 694, 383 P. 2d 978, 982; *People v. Collins,* 172 Cal. App. 2d 295, 342 P. 2d 370, 374; *City of Cincinnati v. McKinney,* 101 Ohio App. 511, 137 N. E. 2d 589, 590; *Hunter v. State, supra,* 375 P. 2d at p. 361; *Bailleaux v. Gladden,* 230 Ore. 606, 370 P. 2d 722, 725; *Hines v. Tahash,* 263 Minn. 217, 116 N. W. 2d 399, 405; *State v. Johnstone,* Mo., 335 S. W. 2d 199, 204; *State v. Price, supra,* 370 P. 2d at p. 982; 25 Am. Jur., Habitual Criminals, § 6, pp. 263-64." (205 Va. at p. 396.)

We find that the provisions of Code, § 53-296 were applicable to Deiter's case; that its requirements were fully met in his second trial and sentence as a recidivist, and that the exactments of due process of law were not violated. Accordingly, the judgment of the Circuit Court of the city of Richmond will be

*Affirmed.*