**Wilbur Thomas LAWRENCE, Appellant,**

v.

**C. C. PEYTON, Superintendent of the Virginia State Penitentiary, Appellee.**

**No. 10530.**

United States Court of Appeals
Fourth Circuit.

Argued June 23, 1966.

Decided Oct. 4, 1966.

William R. Waddell, Richmond, Va. (Court-assigned counsel) [Battle, Neal, Harris, Minor & Williams, Richmond, Va., on brief], for appellant.

James Parker Jones, Asst. Atty. Gen. (Robert Y. Button, Atty. Gen. and Reno S. Harp, III, Asst. Atty., Virginia, on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and SOBELOFF and J. SPENCER BELL, Circuit Judges.

J. SPENCER BELL, Circuit Judge:

This is an appeal from the district court's refusal to issue a writ of habeas corpus after a plenary hearing.

On June 25, 1958, before the Circuit Court of the City of Richmond, the petitioner was convicted and sentenced in a recidivist proceeding. He was not repre-

sented at that hearing by counsel. On July 26, 1961, the petitioner completed serving his underlying criminal sentences. On February 19, 1962, the Supreme Court held in Chewning v. Cunningham, 368 U.S. 443, 82 S.Ct. 498, 7 L.Ed.2d 442, that the trial of Chewning, a Virginia recidivist, without counsel violated the Due Process Clause of the Fourteenth Amendment. On August 8, 1962, the State of Virginia, acting in response to *Chewning,* served notice on the petitioner that on September 5, 1962, he would be given a hearing on the validity of his recidivist trial held on June 25, 1958. At the September hearing, the June 1958 sentence was declared void upon motion of the petitioner's court-appointed counsel without objection by the Commonwealth. Thereupon the Commonwealth proceeded to try the petitioner on the information which had supported his June 1958 conviction and he was again convicted and sentenced. After an unsuccessful appeal to the Supreme Court of Appeals of Virginia (Lawrence v. Commonwealth, 206 Va. 51, 141 S.E.2d 735, decided April 26, 1965) this proceeding was commenced.

■ Preliminarily, the Supreme Court has held in numerous cases that the recidivist principle of an aggravated sentence for a subsequent offense does not constitute a new jeopardy. The Court found the principle well established in 1895. Moore v. State of Missouri, 159 U.S. 673, 16 S.Ct. 179, 40 L.Ed. 301. Nor do we find any indication that the Court has questioned the constitutionality of that decision in any of the subsequent cases in which the practice was under attack. McDonald v. Com. of Massachusetts, 180 U.S. 311, 21 S.Ct. 389, 45 L.Ed. 542 (1901); Graham v. State of West Virginia, 224 U.S. 616, 32 S.Ct. 583, 56 L.Ed. 917 (1911); Gryger v. Burke, 334 U.S. 728, 68 S.Ct. 1256, 72 L.Ed. 1683 (1948). In *Gryger* the Court said:

> "The sentence as a fourth offender or habitual criminal is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes. It is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one. [citing cases]" *Id.* at 732, 68 S.Ct. at 1258.

The practice of imposing additional punishment for recidivism is coming under increasing attack by modern penologists. Recidivism and Virginia's "Come-Back" Law, 48 Va.L.Rev. 597 (1962). Observation teaches that the judge who sentences for the final underlying crime has in most cases already taken into account the prisoner's record. However, we are, of course, bound by these decisions of the Court and petitioner must, therefore, press his objections before that body.

■ Two contentions, which we will discuss seriatim, are pressed upon us by counsel for the petitioner. First, that the Virginia statute [1] is void as a matter

---

1. *"Convicts previously sentenced to like punishment; additional confinement.—* When a person convicted of an offense, and sentenced to confinement therefor in the penitentiary, is received therein, if it shall come to the knowledge of the Director of the Department of Welfare and Institutions that he has been sentenced to a like punishment in the United States prior to the sentence he is then serving, the Director of the Department of Welfare and Institutions shall give information thereof without delay to the Circuit Court of the city of Richmond. Such court shall cause the convict to be brought before it, to be tried upon an information filed, alleging the existence of records of prior convictions and the identity of the prisoner with the person named in each. The prisoner may deny the existence of any such records, or that he is the same person named therein, or both. Either party may, for good cause shown, have a continuance of the case for such reasonable time as may be fixed by the court. The existence of such records, if denied by the prisoner, shall be first determined by the court, and if it be found by the court that such records exist, and the prisoner says that he is not the same person mentioned in such records, or remains silent, his plea, or the fact of his silence, shall be entered of record, and a jury of bystanders shall be impaneled to inquire whether the convict is the same person mentioned in the several records. If they find that he is not the same person, he shall be remanded to the peniten-

of due process because it requires that recidivist hearings be held in the Richmond Circuit Court, with the result that they are conducted at different times and almost always by different judges from those who presided at the underlying criminal trials which take place in the many trial courts throughout the state. Counsel advances many cogent criticisms against the state's policy of separating the recidivist hearing from the trial upon the merits of the underlying criminal charge and contrasts the state's policy with that of Connecticut and other jurisdictions which require both the criminal charge and the recidivist charge to be heard by the same trier of fact but seriatim in order that knowledge of the latter may not prejudice the hearing on the prior charge. The state in turn points to certain advantages which it claims for the Virginia system. We do not, of course, need to consider these questions beyond the point of concluding as we have that the Virginia procedure does not violate the constitutional requirements of due process. The Virginia practice of a separate hearing of the two charges was present in the case of Graham v. State of West Virginia, 224 U.S. 616, 32 S.Ct. 583, 56 L.Ed. 917 (1911), and provided for as an alternative procedure in the West Virginia law. In that case, the Supreme Court expressly rejected the argument advanced by the appellant in this case, pointing out that the underlying facts supporting the recidivist charge were different from those supporting the criminal charge and consequently could be heard with fairness by a different judge. We are aware that the West Virginia statute provided for a fixed sentence while the Virginia statute is broadly discretionary. We cannot agree that this distinction would justify a different ruling, for under the Virginia statute the recidivist judge would be advertent to the prior criminal sentence and could take that sentence into consideration in fixing the recidivist sentence. The state also insists that the practice enables the judges handling the recidivist hearings to equalize the varying punishments meted out by the numerous trial judges throughout the state.

■ We turn now to the contention that the retrial of Lawrence for recidivism, at the instigation of the state and without his express consent after the expiration of his underlying sentence but while he was still in custody, constituted double jeopardy.[2] We take it to be settled law that, since the status of being a recidivist or an habitual criminal is not a crime in itself and the constitutional justification for a recidivist sentence in the face of a charge of double jeopardy is that it constituted not a new sentence but simply a stiffening of the punishment for the last crime, this additional penalty must be affixed either at the time of the last sentence or before that sentence is completed. Cf. Spry v. Boles, 299 F.2d 332 (4 Cir. 1962). In the absence of any extenuating circumstances to justify this delay, we would be inclined to hold with the appellant. Nor do we think the fact that the state had filed an information on June 25, 1958, within the term of the underlying sentence, would have validated the trial in September 1962, for such a delay after the termination of the underlying sentence

tiary; but if they find that he is the same person, or if he acknowledge in open court after being duly cautioned, that he is the same person, the court may sentence him to further confinement in the penitentiary for a period of not exceeding five years, if he has been once before sentenced in the United States to confinement in the penitentiary; but if he has been twice sentenced in the United States to such confinement, he may be sentenced to be confined in the penitentiary for such additional time as the court trying the case may deem proper. This section, however, shall not apply to successive convictions of petit larceny." Va.Code § 53–296 (1958).

2. This court in Yaeger v. Director, 319 F. 2d 771 (4 Cir. 1963), conceded the question to have substance but declined to consider it until the petitioner had exhausted his state remedies.

Lawrence's underlying criminal sentence expired on July 26, 1961; his second recidivist's trial was held on September, 5, 1962.

would not have been "seasonable" within the rationale of the Virginia decision. In Ex parte Lange, 85 U.S. (18 Wall.) 163, 21 L.Ed. 872 (1873), the Supreme Court held that after the valid part of a sentence had been satisfied, the prisoner could not then be resentenced to an additional punishment. Cf. Murphy v. Com. of Massachusetts, 177 U.S. 155, 160, 20 S.Ct. 639, 44 L.Ed. 711 (1900). The Supreme Court of Appeals of Virginia in the case of Deiter v. Commonwealth, 205 Va. 771, 777, 139 S.E.2d 788, 792 (1965), interpreted its statute to mean that it is applicable provided:

"(1) that the information is filed against the prisoner while he is serving the sentence which forms the basis thereof, and (2) that action is taken thereon before he is released from the penitentiary."

The Court further said:

"We hold that * * * the information * * * when timely filed * * serves as a detainer against the prisoner's release until it is seasonably acted upon and vests the court with power to enforce the provisions of the statute when the necessary ingredients are proven. That power is not divested as long as the information is outstanding and the prisoner lawfully remains under the control and supervision of the penitentiary authorities." *Ibid.*

 We are, of course, bound by the Virginia court's interpretation of its statute, Johnson v. Tucker, 249 F.2d 650 (4 Cir. 1957), though we must independently determine whether the statute as so interpreted and applied to Lawrence's case applies an incorrect standard of constitutional law.[3] Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1962).

We hold that under the rationale of United States v. Tateo, 377 U.S. 463, 84 S.Ct. 1587, 12 L.Ed.2d 448 (1964), Virginia did not violate the double jeopardy requirements of the Fifth Amendment in retrying Lawrence within a reasonable time after the invalidity of his first recidivist sentence was discovered. In that case the Court said:

"The Fifth Amendment provides that no 'person [shall] be subject for the same offence to be twice put in jeopardy of life or limb * * *.' The principle that this provision does not preclude the Government's retrying a defendant whose conviction is set aside because of an error in the proceedings leading to conviction is a well-established part of our constitutional jurisprudence. In this respect we differ from the practice obtaining in England. The rule in this country was explicitly stated in United States v. Ball, 163 U.S. 662, 671–672 [16 S.Ct. 1192, 1195, 41 L.Ed. 300], a case in which defendants were reindicted after this Court had found the original indictment to be defective. It has been followed in a variety of circumstances; see, e. g., Stroud v. United States, 251 U.S. 15 [40 S.Ct. 50, 64 L.Ed. 103] (after conviction reversed because of confession of error); Bryan v. United States, 338 U.S. 552 [70 S.Ct. 317, 94 L.Ed. 335] (after conviction reversed because of insufficient evidence); Forman v. United States, 361 U.S. 416 [80 S.Ct. 481, 4 L.Ed.2d 412] (after original conviction reversed for error in instructions to the jury)." *Id.* at 465, 84 S.Ct. at 1589.

We think that the defect in the 1958 conviction was of such nature that the retrial cannot be said to constitute double jeopardy.

The policy laid down in Downum v. United States, 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100 (1963), and the other cases forbidding retrial is to protect a defendant against deliberate abuse or

---

3. Parenthetically, we do not need to determine whether the double jeopardy provisions of the Fifth Amendment are either absorbed into the Fourteenth or incorporated therein because of our conclusion that the state has not violated the double jeopardy provisions of the Fifth insofar as Lawrence is concerned. Cf. United States ex rel. Hetenyi v. Wilkins, 348 F.2d 844 (2 Cir. 1965).

negligence on the part of the state which would result in harassment of defendants by retrial "to make rare indeed the occasions when the citizen can for the same offense be required to run the gantlet twice." Gori v. United States, 367 U.S. 364, 373, 81 S.Ct. 1523, 1528, 6 L.Ed.2d 901 (1961) (Douglas, J., dissenting). We find no evidence of such conduct where, as here, the state has reasonably relied upon prior cases which hold its conduct to be constitutional. Not until 1963 in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, were the remains of Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595 (1942), decently interred. In 1948, the Supreme Court had considered and rejected the argument that counsel should be furnished indigents in recidivist cases. Gryger v. Burke, 334 U.S. 728, 68 S.Ct. 1256, 92 L.Ed. 1683 (1948). Although the practice of not assigning counsel was under constant attack, we cannot say that Virginia was not justified in acting as she did. Having so held, we think her subsequent action in moving promptly to set aside the conviction and to afford the prisoners retrial with appointed counsel does not constitute double jeopardy.

The judgment of the district court is

Affirmed.