**Thomas Carl GREEN, Petitioner,**

v.

**C. C. PEYTON, Superintendent of the Virginia State Penitentiary, Respondent.**

**Civ. A. No. 66-C-48-D.**

United States District Court
W. D. Virginia,
Danville Division.

Dec. 30, 1966.

No appearance for petitioner.

Reno S. Harp, III, Ass't. Atty. Gen., Richmond, Va., for respondent.

OPINION and JUDGMENT

DALTON, Chief Judge.

This case comes before the court upon a petition for a writ of habeas corpus by Thomas Carl Green, a state prisoner, pursuant to the provisions of 28 U.S.C. § 2241 and is filed *in forma pauperis.* The case was ordered transferred to this court from the United States District Court for the Eastern District of Virginia, Norfolk Division.

Petitioner is now serving a forty (40) year sentence for robbery pursuant to a

judgment of the Corporation Court of the City of Danville of September 19, 1938.

Petitioner does not make any attack on this forty year sentence and he specifically recognizes it as valid. Instead he complains in this petition about the manner in which his good behavior time has been figured. He contends that if his time is figured as he says it should be, he is entitled to immediate release. The crux of his contention is that he is not a two time felon as the state says he is, but just a one time felon. The term "two time felon" will be used to designate those felons who have been in the penitentiary for one sentence, have been regularly discharged and again convicted and sentenced to the penitentiary. Under Virginia Code § 53–210 and its predecessors which are applicable to periods before 1944, a one time felon is given more credit for good behavior on his total term for each month served than is the two time felon.

The facts show that the petitioner was found guilty of grand larceny in 1920 and was placed on probation by the Norfolk City Corporation Court. His probation was revoked in September 1920 and he was required to serve two years in the state penitentiary. He was released on February 2, 1922.

Then on September 23, 1938 petitioner was found guilty of robbery by the Danville City Corporation Court and sentenced to a forty year term. These two felony convictions, the state contends, are the reasons that the petitioner's good behavior time has been computed under the less liberal Virginia Code § 53–211 which provides for two time felons.

To support his contention, petitioner alleges that the 1920 conviction is null and void by reason of a judgment entered in 1962 by the Richmond City Circuit Court. Thus, he continues, since the 1920 conviction is null and void, he is a one time felon only. Therefore he is entitled to have his time computed under the more liberal Virginia Code § 53–210.

This court now turns to a consideration of the 1962 Richmond City Circuit Court's judgment. The petitioner alleges that in 1962 the Richmond Court examined the 1920 conviction and also a 1938 one year sentence imposed on petitioner under the Virginia recidivist statute. He alleges further that the Richmond City Circuit Court declared the 1920 conviction null and void because petitioner was not represented by counsel in 1920, and it went on, he says, to declare the 1938 one year conviction null and void because the recidivist statute would not apply to him since the 1920 conviction had been voided.

We have examined the record of the Richmond City Circuit Court and we find that the petitioner has the facts confused and distorted. The judgment of the Richmond Court does not speak to the 1920 conviction but only to the 1938 one year conviction under the recidivist statute. To set the facts in their proper perspective, the order of Judge Knowles on November 29, 1962 is set out below. It is to be noted that the order refers to more than one defendant. This is because the order dealt with the recidivist convictions of several defendants all of whom were challenging their recidivist convictions because they had not been represented by counsel when they were found guilty under the recidivist statute. Their authority was Chewning v. Cunningham, 368 U.S. 443, 82 S.Ct. 498, 7 L.Ed.2d 442 (1962) which held that trial on a charge of being an habitual criminal is so serious and the issues so complex under Virginia's statute that a defendant's trial and conviction under this statute without counsel violated the Due Process Clause of the Fourteenth Amendment. Here is the text of the order:

> These proceedings came on this day to be heard upon the separate motions of the defendants in person and by their court appointed counsel, L. Paul Byrne, that the recidivist sentences to the Penitentiary heretofore given them be declared null and void by virtue of the decision of the United States Supreme Court in Chewning v. Cunningham, 368 U.S. 493, [sic] [82 S.Ct.

498, 7 L.Ed.2d 442] and a new trial be granted to them.

Whereupon the Court granted the motions of the defendants and the recidivist sentences heretofore given them are declared null and void, and it is so Adjudged and Ordered.

And on separate motions of the Attorney for the Commonwealth, it is Ordered that a nolle prosequi be entered in each of these cases.

And the said defendants are remanded to the custody of the Superintendent of the Penitentiary.

Because there is no mention of the 1920 conviction in the court's order in this 1962 proceeding, there is no basis on which to uphold the petitioner's contention that he is a one time felon.

This court is satisfied that the allegation of petitioner that he is a one time felon because the Richmond Court in 1962 declared his 1920 conviction null and void is without merit. However in an effort to give every consideration to the petitioner who is indigent and who is not schooled in the law, we have undertaken an independent examination of the 1920 conviction, to see if there is any way that that conviction could be voided thus making the petitioner a one time felon. A study of the Norfolk City Corporation Court file in the 1920 case nowhere shows that the petitioner was denied the due process of law demanded by the Fourteenth Amendment. There is nothing in the record to indicate that the petitioner requested a court appointed attorney. The record does show that the petitioner entered a guilty plea on the charge of grand larceny and was dealt with leniently in that he was given a two year sentence which was suspended. There being nothing in the record to indicate that petitioner was prejudiced in this trial by the absence of counsel, we are unwilling to overturn this forty-six (46) year old conviction. We thus hold that the Commonwealth is correct in determining the petitioner's status as that of a two time felon and that the Commonwealth has figured the petition-er's good behavior time correctly from his imprisonment on September 23, 1938 until the present.

It is therefore ordered and adjudged that the petition be dismissed and the writ denied.

A certified copy of this opinion and judgment is directed to be sent to the petitioner and to the respondent.